THE STATE, EX REL. SAMUEL T. HAWKINS, v.
M. FRANK COOK.

Submitted December 14, 1898—Decided June 13, 1898.

The revised Borough act of 1897 authorizes the mayor to nominate, and, with the advice and consent of a majority of the whole council, appoint a borough marshal. The act further provides that the council shall be composed of six councilmen and the mayor, but that the latter shall not vote except to give the casting vote in case of a tie. *Held,* that a plea to an information, which stated that, since the act of 1897 had gone into effect, the respondent had been nominated and appointed to the office of marshal of the borough of Wilbur, by the mayor thereof, and that his appointment had been confirmed (at a meeting of council at which five councilmen and the mayor were present) by the votes of three councilmen and the mayor in favor of, and of two councilmen against, the confirmation, was bad. *Held, further,* that the relator, who held the office of marshal of the borough at the time of the respondent's nomination and attempted confirmation, was not entitled to hold over, after the expiration of his term, on account of the failure of the borough authorities to appoint and confirm his successor.

On *quo warranto*.

An information in the nature of a *quo warranto* was filed by the attorney-general, on the relation of Samuel T. Hawkins, to test the title of the respondent to the office of marshal of the borough of Wilbur. The facts set out in the information are conceived by the relator to show that he, and not the respondent, is entitled to the office. To this information a plea has been filed by the respondent, setting out the facts upon which he bases his claim to hold the office in question. The case comes before the court on a demurrer to the plea.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the demurrant, *Chauncy H. Beasley.*

*Contra, Samuel D. Oliphant.*

The opinion of the court was delivered by

GUMMERE, J. The *primary* object of this procedure is to test the title of the respondent to the office of marshal of the borough of Wilbur.

The respondent claims to hold the office by virtue of proceedings taken pursuant to the revised Borough act of 1897 (*Pamph. L., p.* 285), under which the borough of Wilbur now operates. The pertinent provisions of that act, so far as they relate to the right of the respondent to hold the office of marshal, are as follows: "The mayor of the borough shall nominate, and, with the advice and consent of the council, shall appoint" certain officers, among whom are one or more marshals (§ 3); "no officer shall be appointed or removed except by the vote of a majority of the whole council" (§ 26); "there shall be six councilmen in every borough" (§ 2); and "the mayor and councilmen shall constitute the council, and all meetings shall be presided over by the mayor, but he shall not vote except to give the casting vote in case of a tie" (§ 23).

These citations from the Borough act make it apparent that in order to entitle a person to hold the office of marshal, in

boroughs operating under that act, he must not only be nominated and appointed by the mayor, but his appointment must be concurred in by a vote of a majority of the whole council— *i. e.*, by the votes of four councilmen, or, in case of a tie vote of the six councilmen, then by the votes of three of them and the casting vote of the mayor.

The plea filed to the information shows that the respondent was nominated and appointed by the mayor, but that his appointment was not concurred in either by the votes of four councilmen or by the votes of three councilmen and the mayor when the councilmen were tied on the question. There were only five councilmen present at the meeting when action was taken upon the respondent's appointment to the office of marshal. Three of them voted in favor of his confirmation and two against it. There was not, therefore, a majority vote of the whole council in favor of confirming his appointment, nor was there a tie vote on the question. Nevertheless, the mayor assumed the right to vote and cast his ballot in favor of the respondent's confirmation, thus making an *apparent* majority of the whole council in favor thereof. But it is quite evident that the action of the mayor was a nullity. His right to vote as a member of council was limited by the statute to those cases in which the councilmen stood tied on a question which was being voted upon. In this case there was no tie. There were, therefore, only three legal votes cast in favor of the appointment of the respondent to the office of marshal, and as that was less than a majority of the votes of the whole council, it results that he has no title to the office in question.

It remains to be considered whether the relator is entitled to hold the office in question. By the act of February 18th, 1895, entitled "An act in relation to the writ of quo warranto." (*Gen. Stat.*, *p.* 2635, § 12), this court is required to determine by its judgment not only the title of the respondent, but also of the relator, to the office whenever the pleadings are properly framed for the purpose, and they are so framed in this case.

An examination of the information in the case and of the statutes bearing on the relator's right to the office discloses the following situation :

The relator was appointed marshal of the borough of Wilbur in the year 1892, for a term indefinite in its extent. He held that office until April 21st, 1896, when it was made vacant by the enactment of "An act relating to boroughs and borough commissions" (*Pamph. L.* 1896, *p.* 339), the third section of which enacted that certain borough offices, including that of marshal, " are hereby declared vacant." The same section also provided that the mayor and council should, by appointment, fill all of the offices required by the provisions of the Borough act of 1878 until the next annual borough election. The office of marshal being one of those required to be filled by the act last mentioned, the mayor and council of Wilbur appointed the relator to fill it until the then next annual election, which took place on March 9th, 1897. By virtue of this appointment the relator claims to be entitled to continue to hold the office, notwithstanding the fact that the period for which he was appointed has expired, on the ground that his successor has never been legally appointed.

The facts set out in the information fail to show any right to the office in question existing in the relator. By force of the provision of the act of 1896, above referred to, his term of office expired on March 9th, 1897. That no successor was legally appointed to succeed him did not operate to continue him in office. It left the office vacant. *Davis* v. *Davis,* 28 *Vroom* 80, 203, and cases cited.

Our conclusion is that, on the pleadings exhibited in this case, neither the relator nor the respondent is legally entitled to hold the office of marshal of the borough of Wilbur.

Judgment should be entered accordingly.