*38 Vroom.*                    Fryer v. Norton.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRETSON, COLLINS, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 12.

*For reversal*—None.

SAMUEL FRYER, DEFENDANT IN ERROR, v. RICHARD D. NORTON, MAYOR, AND THE COUNCIL OF THE BOROUGH OF HIGHTSTOWN, PLAINTIFFS IN ERROR.

Argued March 17 and 18, 1902—Decided June 16, 1902.

1. The general rule applicable to all public officers is that a resignation of office does not become complete until presented to the proper authority and accepted by it. In the absence of any specific rule prescribing to what authority a resignation must be presented, the proper authority to accept a resignation is that which has power to fill the vacancy.
2. By the provisions of section 3 of the Borough act of 1897, prescribing that the mayor shall nominate and, with the advice and consent of the council, shall appoint all officers by the act directed to be appointed, including the filling of vacancies in elective offices, the power to fill a vacancy in the office of councilman, which is an elective office, is in the mayor and council.
3. When a councilman has tendered his resignation of his office to the mayor and council, and it has been laid before council by the mayor presiding, and acceptance refused, the incumbent remains in office.

On error to the Supreme Court. The opinion of that court is reported *ante p. 23.*

For the plaintiffs in error, *Linton Satterthwait.*

For the defendant in error, *Aaron V. Dawes.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The record brought up by this writ of error discloses a judgment of the Supreme Court, annull-

ing a ruling and decision of Norton, mayor of the borough of Hightstown, declaring the seat of Fryer in the council of that borough to be vacant.

· The action of the Supreme Court had been invoked by Fryer, on whose prosecution a *certiorari* was allowed, which brought into that court the ruling and decision which was vacated by the judgment complained of. It was made to appear in the Supreme Court that on August 14th, 1901, Fryer, who was then a member of the council of the borough of Hightstown, whose term of office would not expire until March, 1904, wrote a letter, addressed to "Honorable Mayor and Councilmen" of the borough, tendering his resignation "as a member of your body." This letter was delivered to the mayor, during a meeting of the council, over which he was presiding in the manner prescribed by "A general act relating to boroughs" [Revision of 1897]. *Pamph. L., p.* 285. It was given by the mayor to the clerk of the council, and was read to the council by the latter. Thereupon a motion not to accept the resignation was made and carried.

It further appeared that, on September 30th following, Norton, the mayor, gave Fryer written notice that he accepted the resignation previously tendered by the letter of August 14th. On October 1st, at a meeting of the council (Fryer being present), the mayor announced that he had accepted the resignation, and he nominated a person to fill the vacancy. Council refused to confirm the nomination. Thereupon the mayor made the decision complained of, against which Fryer protested.

From the opinion of the Supreme Court it appears that its determination was deemed to be supported upon two grounds.

The first ground upon which the decision was put in the opinion below was thus stated:

"The Supreme Court recognized as a general rule, applicable to all public officers, that a resignation of their office does not become complete until it is presented to the proper authority and accepted by it; and that, in the absence of any special rule prescribing to what authority a resignation

should be presented, the proper authority to accept a resignation is that which has power to fill the vacancy." In this exposition of the law we entirely concur, and deem it to be founded on reason and supported by the better authority. *Reeves* v. *Ferguson,* 2 *Vroom* 107; *Whitney* v. *Van Buskirk,* 11 *Id.* 463; *Bird* v. *Johnson,* 30 *Id.* 59; *Townsend* v. *School Trustees,* 12 *Id.* 312; *Thr. Pub. Off.,* § 408 *et seq.; Meech. Pub. Off.,* § 413 *et seq.; Edwards* v. *United States,* 103 *U. S.* 471.

It was then held that, by the construction of the pertinent provisions of the Borough act of 1897, *ubi supra,* which was applicable to this municipality, the power to fill a vacancy in the office of councilman was vested in the mayor and council of the borough. It was thence concluded that Fryer, on October 1st, remained a councilman and entitled to act as such, because he had presented his resignation to the mayor and council and it had not been accepted, and therefore the office was not vacant and Fryer remained its incumbent.

In my judgment this conclusion is also correct. By a clause in section 3 of the Borough act under consideration it is enacted that "the mayor shall nominate and, with the advice and consent of the council, shall appoint all officers in this act directed to be appointed, including the filling of vacancies in elective offices." The office of councilman is an elective office. To fill a vacancy in that office it is required that the mayor shall appoint, but the appointment made by him is not effective except by the consent of council. To appoint requires the nomination of the mayor and the concurrence of the council.

By article 2, section 2 of the constitution of the United States there is conferred on the president the power to fill vacancies (in offices to which he may appoint, with the advice and consent of the senate) occurring during the recess of the senate, and he may give commissions to officers so appointed by him, to expire at the end of the next session of the senate.

By article 5, section 12 of our constitution the governor is empowered to fill a vacancy occurring during the recess of

the legislature, the commission issued thereon to expire at the end of the next session of the legislature.

In respect to the resignation of such officers, it is obvious that the president and governor, having power to appoint to fill the vacancy, without the concurrence of the senate, may properly accept such resignation when tendered, and proceed to fill the vacancy.

But the act in question gives power to fill the vacancy, not to the mayor alone, but to the mayor, with the concurrence of the council. He cannot fill the vacancy with his nominee unless the council consent. Therefore, as the vacancy is expressly required to be filled by the concurrent action of the mayor and council, the resignation, under the general rules stated, must be accepted by their concurrent action. When the mayor submitted the resignation of Fryer to the council and it was rejected, the office remained filled and Fryer was its lawful incumbent.

In the opinion below the conclusion reached was thought to be strengthened by the provision contained in section 26, in these words: "All ordinances shall be submitted in writing at a regular meeting of the council and passed at a subsequent regular meeting; provided, however, that no ordinance shall be finally passed, no officer appointed or removed or salary fixed except by the vote of a majority of the whole council." This prescription was deemed to be applicable to the appointment to office provided for by section 3.

In the earlier case of *Hawkins* v. *Cook, 33 Vroom* 84, the Supreme Court had before it a question involving the construction of the same two sections of the Borough act of 1897 respecting the appointment to office. It was held in that case that, to entitle an officer to an office by appointment thereunder, he must be nominated and appointed by the mayor, but his appointment must be concurred in by a vote of the majority of the whole council—that is, by the vote of four councilmen, or, in case of a tie vote of the six councilmen, then by the votes of three of them and the casting vote of the mayor. The provision of section 26 was

therein declared applicable to the appointment under section 3.

Although the question thus dealt with does not require discussion in this case, yet, as it is of considerable practicable importance in respect to the appointment to office in boroughs, it is deemed proper to intimate that it is not intended to decide that appointments under section 3 must be confirmed by the vote of a majority of the whole council. Whether so or not depends upon the applicability of the provisions of section 26 to the appointment under section 3.

By sections 13 and 52 council is empowered to appoint to certain offices without nomination by the mayor. With these appointments the mayor has no concern, except in case of a tie, when he may give the casting vote.

By section 19 council is empowered to remove a collector, and the mayor takes no part therein, except in case of a tie.

When, by section 26, the legislature prescribed that no ordinance should be passed—*i. e.,* by council—except by the vote of a majority of the whole council, and coupled therewith a requirement that no officer should be appointed or removed except by a like vote, it is, in my judgment, open to question whether it was not intended to apply the limitation as to the number of councilmen required to appoint to the cases of appointments and removal which council had power to make without the nomination of the mayor. If so, the clause of section 26 is not applicable to appointments under section 3.

But if a different result had been reached upon the first point, it would not lead to a reversal of the judgment under review. The other ground on which the Supreme Court supports its determination is thus expressed in the opinion of Mr. Justice Dixon: "A resignation, to be complete, implies the consent of the incumbent. The resignation tendered by the prosecutor was to the mayor and council, and on its face stated that acceptance by the body thus composed was requested. When received it was so understood by both the mayor and the council, and by them acceptance was refused.

542 COURT OF ERRORS AND APPEALS.

Gilliland v. Mid. & Somerset Trac. Co. *67 N. J. L.*

No act or word on the part of the prosecutor indicates that he purposed to vacate his office without the concurrence of the body in which he was a member, and when that body expressly refused to concur, he had a right to regard his attempt at resignation as ineffectual and ended. The subsequent action of the mayor alone should therefore be considered as lacking the consent of the prosecutor, and as not a compliance with the condition on which he was willing to surrender his place."

In this view this court entirely concurs, and the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, COLLINS, FORT, GARRETSON, PITNEY, BOGERT, KRUEGER, ADAMS, VREDENBURGH. 12.

*For reversal*—VROOM. 1.