THE STATE OF NEW JERSEY, EX REL. JAMES DAY, v. CHARLES LYONS.

Submitted June 13, 1903—Decided November 9, 1903.

1. Under the Borough act of 1897 (*Pamph. L.*, *p.* 285), an appointment to fill a vacancy in common council must be confirmed by a majority of the whole council.
2. Notice of an application by a private relator for leave to file an information in the nature of a *quo warranto* to test title to a municipal office, need not be given to the attorney-general.

On application for leave to file a *quo warranto*.

After the annual election of Fairview borough, held March 10th, 1903, a vacancy in the council was created by the resignation of Mr. Hurley, and the defendant, Mr. Lyons, was appointed by the mayor to fill the vacancy until the next election, which will be held in March, 1904. Mr. Lyons took his seat and the validity of his appointment is now challenged on the ground that the confirmation of his appointment by the council was not valid.

It appears that at the election Councilman Hurley, who had yet two years to serve, was chosen mayor, and resigned on March 14th. The outgoing mayor, Mr. Ayres, whose term would expire March 16th, called a special meeting of the council for March 14th, giving as the purpose the retiring of improvement certificates and "any other business that may properly be brought before the council." At that meeting the resignation of Mr. Hurley was presented and accepted, without objection on the part of anyone. It became at once the duty of the mayor to fill this vacancy by appointment, with advice and consent of the council. *Pamph. L.* 1897, *p.* 286, § 3. The propriety and validity of the appointment by the mayor is not questioned on any tenable ground, but it is contended that the confirmation is not sufficient. It appears that the meeting was attended by four out of the six councilmen and that the vote on the confirmation was equally divided, whereupon the mayor gave the casting vote. This he was entitled to under the provisions of section 23. It is claimed, however, that by force of section 26 there must be a vote of four members of the council in order to confirm the appointment, because that section contains a proviso "that no officer shall be appointed or removed except by a vote of the majority of the whole council."

Before Justices GARRISON, GARRETSON and SWAYZE.

For the relator, *William M. Seufert.*

For the defendant, *Corbin & Corbin.*

The opinion of the court was delivered by

GARRISON, J. The appointment by the mayor to the office of common councilman required confirmation by a majority of the whole council. This is the construction placed upon section 26 of the Borough act of 1897 (*Pamph. L., p.* 285) by this court. *Hawkins* v. *Cook,* 33 *Vroom* 84; *Armstrong* v. *Whitehead,* 38 *Id.* 405.

Counsel for the defendant raises a practice objection to the granting of leave to file this information, which is thus stated in his brief:

"We now raise this objection, and submit that in many cases prerogative writs should not be prosecuted, even where a case exists; that the attorney-general is vested with a large discretion in this matter and that where the private relator is not a claimant for the office the suit should not be maintained, except on the authority of the attorney-general, or at least upon notice to him."

This suggestion, which is a novel one, loses sight, as it seems to me, of the fundamental distinction that has always existed between informations *ex officio* and those not *ex officio,* the former originally being suits by the sovereign by his immediate officer, the attorney-general, while the latter were brought by private relators acting only nominally in the sovereign's name and filed, not by the attorney-general, but by an officer in the king's bench, usually called the master of the crown office, who, for this purpose, was the standing officer of the public. 4 *Bl. Com.* 308. Leave of the court was never required in *ex officio* informations, and at first was not required in those not *ex officio,* until the statute of 4 and 5 *W. & M., c.* 18, was passed, enacting that such suits should not be filed by the clerk of the crown in the Court of King's Bench without the express order of said court. This led to the distinction that has ever since obtained between informations filed by the state at the sole discretion of its attorney-general and those in which private relators might file informations by the express leave of the court in which such suits were to be brought, which, in this state, is this court. The use of the attorney-general's name in informations that require the leave of the court is as purely a matter of form as was that of the master of the crown office, after the passage of the statute of 4 and 5 *W. & M.*

Our practice has always conformed to this distinction and there is nothing in our statutes that should lead to breaking it down. I see no force in the suggestion.

The application of the relator is granted.