THE STATE, EX REL. ALBERT R. FIELD, v. JOHN SOFFE.

Submitted October 20, 1909—Decided October 25, 1909.

1. Under the Borough act of 1897 (*Pamph. L.*, *p.* 285), an appointment to fill a vacancy in the borough council must be confirmed by the vote of the majority of the whole council.
2. This requirement is not affected by the act of April 9th, 1908. *Pamph. L.*, *p.* 218.

On *quo warranto*.

Before Justice GARRISON by statutory consent.

For the relator, *Adam R. Sloan.*

For the defendant, *Charles A. Wolverton.*

The opinion of the court was delivered by

GARRISON, J. The title of the defendant to the office of councilman in the borough of Audubon is attacked upon the

ground that his nomination by the mayor to fill a vacancy was not confirmed by "the vote of the majority of the whole council," pursuant to section 26 of the Borough act of 1897. *Pamph. L., p.* 285. The fact is not disputed that the said nomination was not confirmed by the majority vote prescribed by section 26; the controverted question is whether the provisions of section 26 of the act apply to the case of a nomination and appointment to fill a vacancy in the borough council or whether section 3 alone applies, or whether, as is contended by the defendant, both of these sections have been superseded by the act of April 9th, 1908. *Pamph. L., p.* 218.

My conclusion as to this last point is that the act of 1908 does not supersede the requirements as to the majority vote contained in section 26 of the Borough act. The later statute prescribes what vacancies council shall fill, but it neither prescribes the mode in which they shall be filled nor by any necessary or reasonable implication abrogates or repeals any existing mode required by general law.

The question, then, is, whether the provision of section 26 of the Borough act, which requires a majority vote of the whole council, is applicable to an appointment to fill a vacancy in an elective office, or whether section 3, which requires no such vote, is the sole authority therefor.

If this question were one of first impression in this court I should find much force in the suggestion made by Chancellor Magie in his opinion for the Court of Errors and Appeals in *Fryer* v. *Norton,* 38 *Vroom* 537.

The question, however, has been decided by this court, and such decision should, upon familiar principles, be followed by the court that rendered it.

In *Hawkins* v. *Cook,* 33 *Vroom* 84, decided in 1898, Mr. Justice Gummere, now Chief Justice, filed an opinion that proceeded upon the notion that the provisions of section 26 of the Borough act of 1897 were applicable to appointments made under section 3 of the same act.

In *Armstrong* v. *Whitehead,* 38 *Vroom* 405, decided in 1902, the opinion of Mr. Justice Pitney, now Chancellor Pitney, proceeded upon the same notion. In 1903, notwith-

standing the intimations in the opinion of Chancellor Magie in Fryer *v.* Norton (March term, 1902), in which Justices Gummere and Pitney concurred, the case of *Day* v. *Lyons,* 41 *Id.* 114, followed the earlier decisions in this court.

Upon the authority therefore of these cases, I feel constrained to hold that the majority vote of the whole council is required to confirm an appointment made to fill a vacancy therein. This, together with my conclusion as to the act of 1908, leads to a judgment that the defendant, John Soffe, was not legally appointed as councilman in the borough of Audubon and to a judgment of ouster against him.