STATE ex rel. JACKSON, Respondent, v. KERKOW, City Auditor, Appellant.

(141 N. W. 378.)

1. **Municipal Corporations—Officers—Resignation, When Effective.**
   Under Pol. Code, Sec. 1236, providing for approval by city council of an appointment of city auditor by mayor, and Sec. 1805, subd. 6, providing that resignation of appointive officers shall be made to the appointing body or officer, **held,** the acceptance by mayor of the auditor's resignation did not effectuate the resignation until accepted by the council.

2. **Mandamus—Findings and Conclusions—Adopting Alternative Writ Recitals.**
   Where alternative writ of mandamus fully recited the facts, an order making such writ peremptory in effect adopted such facts as findings.

3. **Mandamus—No Formal Findings, None Requested—Harmless Error.**

While failure to make findings and conclusions in mandamus in awarding a peremptory writ is irregular, it was not reversible error, no request that court make them having been made; and therefore no prejudice resulted.

4. **Municipal Corporations—Resignation of Officer—Filling Vacancy —"Next Regular City Election."**

Under Pol. Code, Sec. 1284, providing for annual election of city officers, the "next regular city election" after resignation of mayor and an alderman within Sec. 1292, authorizing city council to appoint to fill vacancies until the next regular city election, was the first annual election following, although, had no resignations been filed, their successors would not have been elected until the following year.

(Opinion filed, May 6, 1913.   Rehearing denied June 24, 1913.)

Appeal from Circuit Court, Gregory County.   Hon. WM. WILLIAMSON, Judge.

Mandamus by the State, on the relation of J. S. Jackson, against Frank Kerkow as City Auditor.   From an order granting a peremptory writ, defendant appeals.   Affirmed.

*W. J. Hooper,* and *P. J. Donahue,* for Appellant.

A judgment not based upon a decision as provided by section 276 of the Code of Civil Procedure is erroneous and will be reversed on appeal.   Thomas v. Issenhuth, 18 S. D. 304; McKenna v. Wittaker, 9 S. D. 442; State ex rel McGregor v. Young et al., Board of Councilmen, 6 S. D. 406.

Under Secs. 1802, 1803, 1236, Pol. Code, resignation of the city auditor must be made to the mayor.   Office cannot be laid down without consent of appointing power.   Edwards v. United States, 103 U. S. 471, 26 Law. Ed., 314; 1 Kyd. Corp., Ch. 3, Sec. 4; Willcock, Corp., pp. 129, 238, 239; Grant, Corp., pp. 221, 223, 268; 1 Dillon, Mun. Corp., Sec. 163; Van Orsdall v. Hazard, 3 Hill (N. Y.) 243; State v. Ferguson, 31 N. J. L. 107.

By the amendment of section 2, Art. 3, chapter 37, Laws 1890, by chapter 126, Laws 1893, the president of the council served for the entire unexpired term without regard to the length thereof unless the city council saw fit to call a special election.   It was optional with the city council whether an election should be held or whether the president should act for the unexpired term.

Under chapter 61, Laws of 1897, amending section 9, article 14, said chapter 37, the city council was given the further power to appoint an elector to fill the vacancy and in that case, the appointee

could hold until the next regular election. Thus after the law of 1897 was adopted, if a vacancy existed in the office of mayor, the president of the council could fill the office for the unexpired term; or the city council could call a special election; or the city council could appoint an elector to hold until the next regular election. Pol. Code, Sec. 1201, to which is added the following exception: "Except as provided in section 1292." The exception referred to is that the city council may fill the vacancy until the next regular election by appointment of an elector.

We cite: State ex rel. McGee v. Gardner, 3 S. D. 553.

We think the term "general election" is used here with the qualification implied that is expressed in section 1395, Compiled Laws. State v. Philips, (Fla.) 11 South. Rep. 922.

*J. R. Cash,* and *G. M. Caster,* for Respondents.

In the absence of any affirmative showing to the contrary, this court will presume that findings of fact were waived by the parties. Cable Co. v. Rathgeber, 113 N. W. (S. D.) 88.

The record states that the court "heard the evidence in the matter." There is nothing in the record to show what evidence the court heard. A stipulation of the facts might have been presented to the court as the evidence in the case, and in such case no findings of fact would be necessary. Brown v. Brown, 12 S. D. 506.

GATES, J. This is an appeal from a judgment awarding a peremptory writ of mandamus against the city auditor of Bonesteel, S. D., compelling him to place upon the official ballot at a city election the names of a certain candidate for the office of mayor and of a certain candidate for the office of alderman from the second ward to fill unexpired terms. An alternative writ was first issued, which fully recited the facts. For answer to the alternative writ the city auditor alleged that he had at a date two days prior to the service of the alternative writ upon him resigned as such city auditor by handing his resignation to the mayor of said city, and that such mayor had accepted such resignation. On the return day the court heard the matter upon the evidence introduced, and made an order directing the alternative writ to be made permanent.

[1] Before proceeding to the merits of the controversy, we shall consider the other questions raised by appellant. It is first

claimed by appellant that, by reason of the resignation of the auditor and the acceptance of the same by the mayor, the answer stated a defense to the writ. In our opinion it did not. Appellant does not contend that the resignation was effective until it was accepted by the proper officer, but contends that the acceptance by the mayor was sufficient to consummate the same. Section 1236, Rev. Pol. Code, provides that the city auditor shall be appointed by the mayor *with the approval of the city council.* In accordance with the rule generally adopted in the United States, the resignation of an appointive officer is not effective, in the absence of specific statutory provisions, until accepted by the appointive power. 28 Cyc. 429; 24 A. & E. Ency. (2d Ed.) 422. Our statute (section 1803, Rev. Pol. Code) provides that resignations may be made as follows: "(6) Of all officers holding their office by appointment, to the body, board, court or officer that appointed them." Some cases wisely hold that, where the term of office of an appointive officer extends until his successor is appointed and qualified, a resignation, even though accepted, is not effective to terminate the authority of the officer until the successor is appointed and qualified, in order that public interests may suffer no inconvenience by reason of the want of public servants. But it is not necessary in this case to go to that extent. We hold that the resignation of the city auditor could not become effective, at least, until it was presented to the city council. Fryer v. Norton, 67 N. J. Law, 537, 52 Atl. 476. This fact not appearing by the answer, the answer filed constituted no defense to the granting of the writ.

[2, 3] It is next contended that the court erred in failing to make specific findings of fact and conclusions of law. In this case the alternative writ contained a full statement of the facts, and the effect of the order making the writ peremptory was to adopt the facts therein specified. The record does not show that appellant requested the court to make findings of fact and conclusions of law, nor does it show that he presented to the court a set of proposed findings and conclusions. It was irregular to make the final order without findings and conclusions, but it does not appear that this irregularity was prejudicial to the appellant. Therefore appellant's objection must be overruled. McPherson v. Swift, 22 S. D. 165, 116 N. W. 76, 133 Am. St. Rep. 907.

[4] Coming now to the merits of the case, the city of Bonesteel was a city of the third class. The offices of mayor and alderman in question had been filled by election the previous year for the term of two years. During the first year those elected had resigned and others had been appointed to fill the vacancies. The question was whether the tenure of office under such appointments covered the term of the elected officers, or whether it extended only until the succeeding annual city election. Sec. 1292, Rev. Pol. Code, provides "that in case of a vacancy in any city office, accruing from any cause in cities of the third class, the city council may appoint any elector of said city to fill such vacancy until the next regular city election." The decision, therefore, depends upon the interpretation of the words "the next regular city election." It is the contention of appellant that these words mean the next regular city election at which the mayor and alderman could regularly be elected, and that under such interpretation the election could not be held until the succeeding year. In support of this contention counsel rely upon the case of State ex rel. McGee v. Gardner, 3 S. D. 553, 54 N. W. 606. That case held that the words "the next general election" meant the next general election at which the office could be filled, and that because of the fact that the Legislature had not made provision for the holding of a judicial election, except as specified in the Constitution, the election could not be held at the next succeeding general election. In this case it is different. Here the statute expressly provides for annual elections. Section 1284, Rev. Pol. Code, provides: "There shall be an annual election for electing officers herein provided held on the third Tuesday of April of each and every year." Therefore, following the reasoning of this court in State ex rel. Alexander v. Biggins, 28 S. D. 41, 132 N. W. 677, we hold that at the next annual city election after the appointment of such officers to fill the vacancies it was proper to vote upon and elect their successors to fill the unexpired terms, and that the peremptory writ of mandamus was properly granted.

The judgment appealed from is affirmed.