THE STATE OF NEBRASKA, EX REL. L. R. CROSBY, V. W. W. CONES.

1. **School Meetings:** WOMEN MAY VOTE AND HOLD OFFICE. The act allowing women possessing the qualifications therein prescribed to vote at school meetings is not in conflict with the constitution, and is valid. Women are eligible also to the office of school trustees.

2. ——: WHEN HELD: ADJOURNMENT. The annual school meeting of each school district for the election of officers is required to be held on the first Monday of April of each year, and there is no authority to adjourn the election to another day.

3. **Quo Warranto.** The attorney general is the proper officer to institute proceedings in quo warranto in the supreme court, and not a district attorney.

MOTION to quash information of *quo warranto.*

*W. F. Bryant, J. C. Cowin, C. C. McNish,* and *M. Mc Laughlin,* for relator.

*J. C. Crawford* and *John M. Thurston,* for respondents.

MAXWELL, J.

This is an original action in *quo warranto* brought by the district attorney of the seventh judicial district on his own behalf, and on the relation of Crosby, to oust the defendant from the office of treasurer of school district No.

30, Cuming county, and install the relator therein.   It is alleged in the information, in substance, that on the second day of April, 1883, Crosby was a legal voter in said district, and then had and now has the qualifications required by law to hold the office of treasurer of said district; that at the annual school meeting of said district held at the school house in Wisner on the first Monday in April, 1881 the defendant was duly elected treasurer of the district for the term of three years, and until his successor was elected and qualified, and that he thereupon qualified and entered upon the duties of his office; that on the first Monday of April, 1883, the annual school meeting of said district was held at the school house in the village of Wisner, and after the transaction of a part of the business of said meeting it was by the unanimous vote of said meeting adjourned until the fourth day of May, 1883; that on the fourth day of May, 1883, the qualified voters of said district met at the school house therein, and adopted a resolution to change the board of trustees of said district from three to six, and thereupon proceeded to elect six trustees, viz., two for one year, two for two years, and two for three years, each of whom filed his acceptance; that the defendant Cone was present and participated in the proceedings of the meeting on the first Monday in April, 1883, and the adjourned meeting in May of that year; that on the seventh of May, 1883, said board of trustees duly organized and elected the relator, L. R. Crosby, treasurer of said district; that said Crosby duly filed his bond in the sum of $5,000 for the faithful performance of his duty as such treasurer, but notwithstanding notice was given to said defendant of these facts, on the nineteenth day of May, 1883, and a demand upon him for the possession of said office, he then refused and still refuses to surrender the same, claiming that he is the lawful treasurer of said district.   There is also an allegation that certain women voted at the school meeting, and that a portion of the board elected on the fourth of May,

1883, were women.   The attorneys for the defendant now move to quash the writ for a number of reasons which need not be mentioned in detail.

Three questions are presented for determination: 1st, The authority of the district attorney to institute proceedings in this court.   2d, The right of women possessing the qualifications prescribed in the statutes to vote at school meetings and hold the office of trustee.   3d, The authority of the voters at an annual meeting of the school district to adjourn the meeting to a future day, and elect officers at the adjourned meeting.

The authority of a district attorney to institute proceedings of this character in the district courts of the various counties composing his district against persons illegally exercising the duties of an office within such district will not be questioned.   Whether his authority extends to the instituting of proceedings in the supreme court is very doubtful, the attorney general being the proper officer.   This question, however, was not very fully discussed on the hearing, and as Crosby is joined with the prosecuting attorney as relator, and is entitled to maintain the action, it is unnecessary to further consider the question.

*Second.*   Sec. 4, subdivision 11 of the chapter on schools (Comp. St., 456), provides that every voter and every woman who has resided in the district forty days and is over twenty-one years of age and who owns real property in the district, shall be entitled to vote at any district meeting.   Every voter and every woman who has resided in the district forty days and is over twenty-one years of age and owns personal property assessed in his or her name at the last assessment, shall be entitled to vote at any district meeting.   Every voter and every woman who has resided in the district forty days and is over twenty-one years of age, and who has children of school age residing in the district, shall be entitled to vote at any district meeting.

It is contended that, as the constitution fixes the qualifi-

cations of voters, and does not confer the elective franchise upon women, therefore the legislature had no authority to pass the act in question. An examination of the constitution will convince any one that the provisions in regard to elections were not intended to apply to school districts. The organization of district schools is one of the modes by which the state provides for the education of all persons residing therein between the ages of five and twenty-one years. The continued existence of free government depends to a great extent upon the intelligence, love of right, and good morals of the people. That women are successful educators is fully shown by experience, and the common law permitted them to fill any office of an administrative character the duties of which they were competent to discharge. *Opinion of the Judges*, 115 Mass., 602. The statute merely permits women possessing the necessary qualifications to have a voice in the choice of school officers, selection of teachers, and general management of schools. And being entitled to vote, they are also entitled to act as trustees. We have no doubt, therefore, that the act allowing women possessing the qualifications prescribed in the act to vote at school meetings is constitutional and valid. This question was before the supreme court of Kansas in *Wheeler v. Brady*, 15 Kas., 26, and it was held that the constitutional provision in regard to electors did not apply to school districts, and that the act allowing women to vote at school meetings was valid. To the same effect is the *Opinion of the Judges*, 115 Mass., 602. The second objection therefore is untenable.

The third objection is more serious. Sec. 1, subdivision 11 of the school law (Comp. St., 456), provides that "the annual school meeting of each school district *shall be held* at the school house, if there be one, or at some other suitable place within the district, on the first Monday of April of each year, and the school year shall commence on that day."

Sec. 8 provides for an adjournment from time to time

for the purpose of locating a site, but we find no authority to adjourn the election of officers.    The fact that the school year dates from the day of the election tends to show the intention of the legislature to have the election take place at the time indicated, and we are not aware of any authority to postpone the same.    We are of the opinion, therefore, that the election held on the fourth of May was a nullity, and that the defendant is the lawful treasurer of said school district.    This being so, the information fails to state facts sufficient to entitle the relator to any relief, and it will be quashed.    Motion sustained.

JUDGMENT ACCORDINGLY.

THE other judges concur.