MENTON v. COOK.

1. ELECTIONS—QUALIFICATIONS OF VOTERS—STATUTES— CONSTITU-TIONAL LAW—MUNICIPAL BONDS.
    The submission by the city of Flint to its electors of a proposition to borrow money and issue bonds therefor is not an election within the meaning of section 1, article 7, of the Constitution, and therefore Act No. 536, Local Acts 1905, providing that only taxpaying electors shall vote on such proposition, is not unconstitutional as adding to the qualifications of electors.

2. CONSTITUTION—PRACTICAL CONSTRUCTION.
    The practical construction of the Constitution given it by contemporaneous and subsequent legislatures is of great weight in determining its true meaning.

Error to Genesee; Wisner, J. Submitted January 8, 1907. (Docket No. 98.) Decided March 15, 1907.

Case by John A. C. Menton against Miles P. Cook to recover damages for a refusal to receive plaintiff's ballot

at a special election.   There was judgment for defendant, and plaintiff brings error.   Affirmed.

*McFarlan & Wilson*, for appellant.

*J. H. Farley*, for appellee.

McALVAY, C. J.   The legislature of 1905 passed Act No. 536, Local Acts 1905, authorizing the city of Flint to borrow money and issue bonds for certain purposes.   The provisions of said act necessary to be considered in this case are as follows:

"SECTION 1.  The common council of the city of Flint in the county of Genesee, is hereby authorized and empowered to borrow money in the name and on the faith and credit of said city, and issue bonds therefor to the amount not exceeding fifty thousand dollars, to be expended in erecting a new city hall and a new fire station and furnishing and equipping them: *Provided*, That a majority of the taxpaying electors of said city voting on such proposition at a regular or special election held in accordance with the provisions of this act shall vote in favor of such loan, and not otherwise.

"SEC. 5.  If such loan shall be authorized by a majority of the taxpaying electors voting on such proposition at the election at which it is submitted to them, bonds may be issued in such sums not exceeding in all the sum of fifty thousand dollars."

Plaintiff was an elector, residing in the city of Flint, having all the constitutional qualifications as such, but was not a taxpaying elector.   Under the provisions of said act, the proposition to borrow money and issue bonds was submitted to vote May 24, 1905.   Plaintiff, on that date, presented his ballot to defendant, who was an official inspector at the place where said voting was conducted, in charge of the ballot box and authorized to receive ballots, and claimed the right to vote.   His vote was challenged, and upon his examination on oath it appeared that he was not a taxpaying elector.   Defendant refused to receive his ballot on that ground.   This action was brought to recover damages because of such refusal.   The facts in

the case are undisputed. It was tried before the court without a jury, and a judgment rendered in favor of defendant. Plaintiff seeks to have this judgment reversed on account of errors assigned upon exceptions to the conclusions of law found by the court.

It is claimed on the part of the appellant that in the contemplation of the Constitution this was an election, and that the act under which this proposition was submitted is unconstitutional, because it adds to the constitutional qualifications of an elector as fixed by section 1, art. 7, of the Constitution. This constitutional provision is as follows:

"In all elections, every male inhabitant of this State, being a citizen of the United States, * * * shall be an elector and entitled to vote; but no one shall be an elector or entitled to vote * * * unless he shall be above the age of twenty-one years, and has resided in this State six months, and in the township or ward in which he offers to vote twenty days next preceding such election."

The constitutionality of the act in question depends upon whether this submission of a proposition to borrow money and bond the city of Flint for the purposes mentioned was an election within the contemplation of the Constitution. We think the question has already been decided in this State in the negative. *Belles* v. *Burr*, 76 Mich. 1. In this case it was held that the legislature could fix qualifications for those entitled to vote in school districts different from the qualifications fixed by the Constitution. The qualifications for voters in school districts are familiar to the profession, and we need for the purposes of this case refer to the one which provides that only resident taxable property owners are qualified to vote upon questions of raising money by tax. In school elections that other than constitutional qualifications of voters may be fixed by the legislature, the holdings of the following authorities are in harmony with the decisions of this court: *Plummer* v. *Yost*, 144 Ill. 68 (19 L. R. A. 110);

*Ackerman* v. *Haenck*, 147 Ill. 514; *State* v. *Cones*, 15 Neb. 444; *State* v. *Deshler*, 1 Dutch. (N. J. Law) 177; *Landis* v. *Ashworth*, 57 N. J. Law, 509.

In Illinois in drainage districts the right to vote is restricted to landowners. *Murdock* v. *Weimer*, 55 Ill. App. 527. See, also, *Woodley* v. *Town Council of Clio*, 44 S. C. 374; *Buckner* v. *Gordon*, 81 Ky. 665.

The practical construction given to legislative acts of the character of the one under consideration, of which the trial judge in his opinion states there are 50 or more, should have great weight. Three-fourths of the members of the constitutional convention of 1850, which drafted our present Constitution, became members of the first legislature elected under it, and at that session legislation of this kind was enacted, and successive legislatures have ever since enacted similar laws. This contemporaneous and practical construction is in harmony with the decision of this court in *Belles* v. *Burr*, supra, and is a construction acquiesced in for more than 50 years. The voting upon this proposition to raise money and issue bonds provided for by the act in question was not an election within the contemplation of that provision of the Constitution herein referred to.

The judgment of the circuit court is affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.