State, ex rel. Reinhardt, v. Talich.

STATE, EX REL., JOHN J. REINHARDT, COUNTY ATTORNEY, APPELLANT, V. GEORGE TALICH, APPELLEE.

FILED DECEMBER 4, 1924. No. 23652.

1. Schools and School Districts: ANNUAL MEETINGS: ADJOURNMENT. "The annual school meeting of each school district for the election of officers is required to be held on the first Monday of April of each year, and there is no authority to adjourn the election to another day." *State v. Cones*, 15 Neb. 444.

2. ———: APPOINTMENT OF MODERATOR. After the expiration of the date provided by law for the election of school officers, the power to accept the resignation of a moderator and to appoint his successor vests in the board of trustees.

APPEAL from the district court for Hamilton county: LOVEL S. HASTINGS, JUDGE. *Affirmed.*

*John J. Reinhardt* and *Horth, Ryan, Cleary & Suhr*, for appellant.

*Hainer, Craft, Edgerton & Fraizer, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, and THOMPSON, JJ.

LETTON, J.

The county attorney of Hamilton county filed an information in the nature of a *quo warranto* against George Talich, alleging that he unlawfully holds and exercises the public office of moderator of the board of trustees of school district No. 53, Hamilton county; that at the annual school district meeting in district No. 53, held on June 12, 1922, Joseph R. Millsap was elected moderator, and that on that date the meeting was adjourned to meet on August 1, 1922; that at the adjourned session, held on August 1, 1922, Millsap, the moderator, resigned, his resignation was accepted, and one F. G. Wright was elected as his successor, who immediately assumed the duties of the office; that following the annual meeting Wright was recognized as the moderator by the directors; that on August 8 the board of trustees of the district met at the home of the director, accepted the resignation of Millsap as moderator, and pretended to appoint Talich to fill the vacancy; that Talich pretended to accept the appointment and thereafter took his place as a member of the board; that the appointment was without authority of law, for the reason that the meeting of August 1 filled the vacancy by the appointment of Wright, and that Wright was, before the attempted appointment of Talich, the duly elected moderator of the district.

A motion to quash was filed, which was in practical effect a general demurrer. The court found that the meeting of August 1 had no power to accept the resignation of Millsap and to elect Wright as moderator in his place. The information was quashed and the action dismissed.

By section 6332, Comp. St. 1922: "The board shall have power to fill by appointment any vacancy that may occur in their number, and it shall be their duty to fill such vacancy after its occurrence: Provided, in case the board shall, from

any cause, fail to fill such vacancy, the same may be filled by election at a special school district meeting called for that purpose by the qualified voters present, which meeting shall be called in the same manner and be subject to the same regulations as other special school district meetings."

There was no special meeting called for the filling of a vacancy. In section 6268, Comp. St. 1922, it is provided that the annual school district meeting shall be held on the second Monday of June of each year, and that the officers elected shall take possession of the office to which they have been elected upon the second Monday of July, and the school year shall commence with that date. In section 6275, Comp. St. 1922, it is provided:

"The qualified voters in the school district, when lawfully assembled, shall have the power to adjourn from time to time, as may be necessary, to designate a site for a schoolhouse by a vote of two-thirds of those present, and to change the same by a similar vote at any annual meeting," etc.

*State v. Cones,* 15 Neb. 444, was an action in *quo warranto* to oust the defendant from the office of school treasurer. Defendant was elected treasurer at the annual school district meeting held on the first Monday in April, 1881. On the first Monday of April, 1883, the annual school district meeting was held. The meeting was adjourned, after transaction of a part of the business, until May 4, 1883. At that meeting the electors adopted a resolution to change the board of trustees from three to six, and proceeded to elect six trustees. On May 7 the board of trustees elected the relator, Crosby, as treasurer, but Cones refused to vacate the office, claiming he was still the lawful treasurer of the district. The statute provided that the change from three to six trustees should be made at the annual meeting, and that the voters at the annual meeting should proceed to elect the six trustees. In the opinion, by Maxwell, J., it is said:

"Section 8 provides for an adjournment from time to time for the purpose of locating a site, but we find

no authority to adjourn the election of officers. The fact that the school year dates from the day of the election tends to show the intention of the legislature to have the election take place at the time indicated, and we are not aware of any authority to postpone the same. We are of the opinion, therefore, that the election held on the fourth of May was a nullity, and that the defendant is the lawful treasurer of said school district." ⌐

Where there is no definite provision in a statute directing to whom the resignation of a public officer may properly be given, it is the general rule that such public officer should tender his resignation to the power authorized to fill the vacancy or to call an election for that purpose. Mechem, Public Officers, sec. 413; *State v. Popejoy*, 165 Ind. 177; *State v. Augustine*, 113 Mo. 21. In the case at bar the voters of the district attempted at the adjourned annual meeting to do that which they had no right to do at any other time than that fixed by statute. The adjourned meeting had no authority to elect officers or to accept the resignation of Millsap. These powers, after the expiration of the date provided by law for the election of officers, became vested in the district board, and the pretended acceptance of Millsap's resignation and election of Wright were *ultra vires* of the voters assembled in the adjourned meeting. On August 8 the board accepted the resignation of Millsap and appointed the respondent to fill the vacancy. It is the general rule that, unless specifically limited by law, a regular meeting may adjourn to a future fixed date. *Ex parte Wolf*, 14 Neb. 24; *Maher v. State*, 32 Neb. 354. The *Cones* case merely holds that the election of officers must be had upon the date fixed for the regular annual meeting.

Since the election cannot be postponed, the adjourned meeting in August could not accept the resignation of Millsap and elect his successor. Some stress is laid upon a statutory provision that the state superintendent of public instruction is given power as follows: "He shall decide disputed points in school law and all such decisions shall be held to have the force of law until reversed by the

court." Comp. St. 1922, sec. 6477. It is said that he has held that—"At the time of the annual meeting the resignation of a district officer should be presented to the meeting; at any other time to the district board." This, however, must be taken as meaning that it should be presented to the voters at the annual meeting when assembled for the election of officers, and not at an adjourned meeting after the power of election has been exercised.

AFFIRMED.