JOHN M. RYAN ET AL., APPELLANTS, V. HENRY A. STUMPENHORST ET AL., APPELLEES.

FILED NOVEMBER 18, 1925. No. 24918.

Agriculture: FARM BUREAU: REMONSTRANCE: MANDAMUS. An act of the legislature of 1923, Laws 1923, ch. 1, providing in substance for farm bureaus, construed, and *held*, that the provision for filing a remonstrance within 20 days after the filing of the petition is mandatory, and the remonstrance filed 38 days after the filing of the petition, and the election had thereunder, are each void. In such case, mandamus will. lie to compel the county board to proceed as if no remonstrance had been filed or election had.

APPEAL from the district court for Webster county: WILLIAM A. DILWORTH, JUDGE. *Reversed, with directions.*

*Bernard McNeny,* for appellants.

*Howard S. Foe, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

Plaintiffs instituted this suit in the district court for Webster county, praying a writ of mandamus commanding defendants, county commissioners of such county, to recognize plaintiffs as the officers of the Webster county farm bureau, and to set aside from the county general fund a sum of money for their use as such farm bureau in accordance with an act of the legislature of 1923, Laws 1923, ch. 1. Writ denied, and plaintiffs appeal.

The act above mentioned reads in part as follows:

"Section 1. In counties where a farm bureau may be organized, the county boards of the several counties of this state, whenever petitioned by the number of persons hereinafter designated who are *bona fide* residents of the county, and who are actively and actually engaged in farming therein, and who shall petition the county board to appropriate a sum of money out of the general fund of the county, for the purpose of promoting improvement in agricultural methods, increasing agricultural products, the more economical distribution of such products, the conservation of the soil, and for the purpose of employing and maintaining a county agricultural agent in said county, or counties under the administration of the farm bureau, to aid therein, shall set aside, annually, from the county general fund, such sum of money for use in accordance with the provisions of this act.

"Such petitions shall be filed with the county clerk not later than the first day of September, 1924, and the first day of September of each second year thereafter."

"Section 2. Whenever such petition is filed in the time, manner and form herein prescribed, it shall be the duty of the county board to accept and allow such petition and to annually allow such budget without further action on the part of the farm bureau. If there is filed with the county clerk, within twenty days after such petition is filed, a remonstrance against the allowance of the budget, as aforesaid, the county board shall submit the question to a vote of the people of the county at the election held therein in the year 1924. * * * Provided, also, that said remonstrators shall be *bona fide* residents of the county, actually and actively engaged in farming in said county and shall be one-eighth more in number than there are signers on the petition so filed."

The record shows that on July 16, 1924, a petition as required by the act in question was filed with the county board of Webster county, and prayer granted. On August 23, 1924, a remonstrance, containing the required number of qualified signers, was also filed. Acting upon such re-

Ryan v. Stumpenhorst.

monstrance, the county board submitted the question of appropriating the money to the voters of Webster county at the election held on November 4, 1924, with the result that a majority sustained the remonstrance.

The sole question for our determination is: Does the act in question allow 20 days from the date the petition was filed, for the filing of the remonstrance, or 20 days from the last date upon which the petition might have been filed, to wit, September 1, 1924. The statute makes it imperative as to the time when and within which an act, such as filing the petition and remonstrance, must take place. When a proper petition has been filed, the county board "shall set aside" the money asked. If there is filed with the county clerk, within 20 days after such petition is filed, a remonstrance against the allowance of the budget, as aforesaid, the county board "shall submit the question to a vote," thus making these restrictions as to time mandatory. The language of the statute is plain and unambiguous, and conveys a clear and definite meaning. Had the legislature intended to allow until the 20th of September, 1924, to file the remonstrance, as contended by appellees, it would certainly have so stated. It is elementary that, in construing a statute, the intention of the legislature is controlling where, as in this case, such intention is reflected by the act. If, as we have found, the provision for appropriating the money when the required petition is filed is mandatory, surely it was not the intention of the legislature to place in the act, following such mandatory provision, a directory provision annulling it.

That part of the statute limiting the time within which a remonstrance can be filed to 20 days after the filing of the petition is mandatory, and the remonstrance in question, having been filed 38 days after the petition, and the election based on such remonstrance, are void. The judgment of the district court is reversed and cause remanded, with directions to enter judgment in harmony with this opinion.

REVERSED.