HERBERT H. HOWARD ET AL., APPELLANTS, V. J. H. JENSEN, COUNTY TREASURER, ET AL., APPELLEES.

FILED MAY 28, 1928. No. 26025.

*Lewis C. Paulson,* for appellants.

*C. P. Anderbery* and *J. L. McPheely, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Howell, JJ., and Landis, District Judge.

Landis, District Judge.

This is an action wherein certain resident taxpayers of school district No. 67, of Kearney county, Nebraska, seek to enjoin the county treasurer from collecting the 1926 annual tax levy for the Lowell rural high school district, composed of two country grade school districts Nos. 67 and 2. The trial court dismissed plaintiffs' action, and they appeal.

The expenses of maintaining rural high schools are borne by the districts united for that purpose in proportion to their assessed valuation. The trustees prior to the annual meeting prepare an estimate of the sums necessary for maintenance for the coming year. This estimate is presented for adoption to the electors at the annual school meeting. The trustees certify to the county clerk and county superintendent the estimate adopted at the annual meeting, thereupon the board of county commissioners make the levy. Comp. St. 1922, sec. 6382.

Section 6377, Comp. St. 1922, provides: "The annual school meeting of each rural high school district shall be held at the schoolhouse, if there be none at some other suitable place within the rural high school district, on the first Monday of June of each year."

The appellants' complaint against the tax levy is that it is not based upon an estimate adopted by the school electors in an annual meeting as provided for in section 6377,

*supra.* The tax is based upon an estimate adopted at a meeting of the electors on the *second* Monday of June, 1926.

This appeal presents only one question, namely, what is the effect on the instant tax levy of the failure of the Lowell rural high school district to hold its annual school meeting on the first Monday of June, 1926? In the determination of this question the prime effort is to ascertain the legislative intention as disclosed by the provisions of the law and the general object intended to be accomplished. The rural high school act, sections 6373-6384, Comp. St. 1922, has as part of its general object an enforced contribution of money based on the assessed valuation of property within the district for the purpose of maintaining a school of more than eight grades. Among the protecting conditions precedent to the enforced contribution or tax are: (a) "The trustees shall, prior to the annual meeting herein provided, prepare an estimate of the sums required for the maintenance of the high school during the coming year and present such estimate for adoption to the electors at such annual meeting." Comp. St. 1922, sec. 6382. An annual meeting set on a definite date in terms "shall be held on the first Monday of June of each year." Comp. St. 1922, sec. 6377.

Appellees contend that section 6377 directs the holding of the annual meeting at a certain time, without negative words restraining the holding of it afterwards, hence this provision as to time should be held directory, and not a limitation of authority. The obvious intention of the legislature gathered from the provisions of the act was to protect the taxpayer. Definite regulatory provisions to base the assessment and levy of the tax are set out. Certain steps, the very essence of which are proceedings for the benefit and protection of the taxpayer, must be taken before the enforced contribution for support of the school is available.

The electors of school district No. 67 are required to hold their annual meeting on the second Monday in June of each year. In the instant case the rural high school district,

of which school district No. 67 is a part, held its annual meeting also on the second Monday of June, in school district No. 2. It might easily occur that thereby electors of district No. 67 would be prevented from attending this rural high school meeting. Under the circumstances it is fair to say that electors of district No. 67 would have to decide whether to attend their annual meeting or the rural high school district meeting when it is their legal privilege to attend both. The consequences that would result from construing the provisions of a statute should be taken into consideration in determining the intention of the legislature.

It is to be noted in considering the particular language used in sections 6377 and 6382 that the imperative word "shall" is used, and not the permissive word "may," whenever reference is made to the annual meeting. Standing alone, the literal meaning of "shall" might not have weight; but, in determining the intention of the legislature as to what is necessary upon which to base the assessment and levy of a tax, some consideration must be given to the generally accepted meaning of the word.

In *State v. Cones,* 15 Neb. 444, a *quo warranto* action, is announced the syllabus: "The annual school meeting of each school district for the election of officers is required to be held on the first Monday of April of each year, and there is no authority to adjourn the election to another day." In this case the election of a school treasurer at an adjourned meeting was held a nullity.

*State v. Talich,* 112 Neb. 723, also a *quo warranto* action, reannounces the quoted syllabus of *State v. Cones, supra.* Here, a moderator was elected at the annual meeting, but resigned at an adjourned meeting, where his successor was elected, and it was held that this could not be done because the electors at the adjourned meeting had no authority to elect officers or to accept a resignation.

The case of *Ryan v. Stumpenhorst,* 114 Neb. 69, announces the syllabus: "An act of the legislature of 1923, Laws 1923, ch. 1, providing in substance for farm bureaus,

construed, and *held* that the provision for filing a remonstrance within 20 days after the filing of the petition is mandatory, and the remonstrance filed 38 days after the filing of the petition, and the election had thereunder, are each void. In such case, mandamus will lie to compel the county board to proceed as if no remonstrance had been filed or election had." In the construction of this statute the use of "shall set aside" and "shall submit the question to a vote" were held to be imperative directions as to the time when and within which an act, such as filing a petition and remonstrance, must take place.

Acts required by a statute to make a tax chargeable are conditions precedent, and must be strictly complied with. *Hewes v. Reis,* 40 Cal. 255. "Statutory provisions regulating the assessment and levy of taxes are mandatory when their object is the protection of the taxpayer." 1 Desty, Taxation, p. 515. In tax laws, provisions for the levy of a tax are imperative. 1 Cooley, Taxation (4th Ed.) sec. 124; *Jones v. State,* 17 Fla. 411; *People v. Otsego County,* 51 N. Y. 401; *City of Indianapolis v. McAvoy,* 86 Ind. 587.

When the legislative intent as disclosed from the provisions of the act, the general object intended to be accomplished, the particular imperative directions are all considered, then we must hold that section 6377 definitely fixes a time when and within which the electors must approve the estimate to base the tax. It is one which must be obeyed according to the substantial import of its terms under sanction of having the proceeding adjudged void. There is a limitation of authority and power imperatively declared by the section. The previous decisions of this court herein cited by analogy confirm this construction. Section 6377 is for the benefit and protection of the taxpayer and should be mandatory. Suppose the school electors arbitrarily refuse to approve the estimate at the annual meeting on the first Monday. Then the legislature has provided protection for the school under section 6289, Comp. St. 1922, which makes it the duty of the county

superintendent to make the estimate, and the county clerk to make the levy.

Every thinking citizen is proud of the educational consciousness of our state, but it should be remembered that the continuance of such depends upon a satisfied taxpayer. Fifty-one and six-tenths cents of the average 1927 tax dollar was used to support public schools and state educational institutions. Report Tax Commissioner, 1927. The taxpayer is entitled on principle to mandatory construction as to every basic step in the levy and assessment of this enforced contribution. Where the legislature has declared imperative safeguards for the protection of the taxpayer, they should be strictly construed so certainty in their exercise shall obtain. To do otherwise would seriously harm education. The 1926 tax levy at issue is void. The judgment of the trial court dismissing plaintiffs' action is reversed, and the cause remanded, with directions to enter decree granting the relief prayed for in the petition.

REVERSED.

Rose, Dean and Howell, JJ., dissent.