THE STATE *ex rel.* KIRTLEY v. AUGUSTINE, *Appellant.*

Division Two, December 13, 1892.

1. Officer, Resignation of: COUNTY TREASURER.   Where a county
treasurer presents his written resignation to the county court under
the misapprehension that it is the proper tribunal to receive it and
the resignation is accepted and with his consent is certified to the
governor who acts thereon by designating a successor, it is then too
late to recall the resignation.

2. ——: ——.   Where the resignation of an officer has been com-
municated to the proper authority and is by the same accepted,
whether formally or by the appointment of a successor, it is beyond
recall.

*Appeal from Buchanan Circuit Court.*—HON. O. M.
SPENCER, Judge.

AFFIRMED.

*William Heren, P. Mercer* and *T. H. Ensor* for
appellant.

(1) The resignation should have been addressed
to the governor to make it effective.   The acceptance
of the resignation by the county court was a nullity.
*State, etc., v. Boecker,* 36 Mo. 17.   (2) The order of
the county court of June 4, 1889, requiring John
Augustine to give a new school bond, was made with-
out authority of law and is void.   The order of the
county court of July 8, 1889, declaring the office of
county treasurer vacant for the reason that said treas-
urer had failed, refused and neglected to comply with
the order of June 4, 1889, was also made without
authority of law and was a nullity.   *Sheeley v. Wiggs,*
32 Mo. 398; Revised Statutes, 1879, sec. 7131, p.
1405; same, secs. 3916, 3918, 3919, 5366, 5367, 5378,
and 7132; *State ex rel. v. Johnson,* 55 Mo. 80.   (3)
There being no vacancy in the office of county treas-
urer of Andrew county, the appointments and commis-
sions issued by the governor were mere nullities, and
conferred no rights on respondent.   (4) The county
court is a court of record, and its proceedings can be
proved only by its records.   Therefore, all the evidence
of witnesses as to what was said or done by the court
concerning the resignation and bond was illegal, and
should have been excluded by the trial court.

*H. S. Kelley, David Rea, J. A. Sanders* and *Booher & Williams* for respondent.

(1) The written resignation filed with the county court with intent to vacate and relinquish the office, and information of same forwarded to the governor with defendant's knowledge and consent for the purpose of having a successor appointed, and the appointment of the latter by the governor, completed the resignation beyond recall. *Mimmack v. United States*, 97 U. S. 426; *Edwards v. United States*, 103 U. S. 471. (2) The order of the county court declaring the office vacant because defendant failed to file his bond was valid and vacated the office as to him.

MACFARLANE, J.—This is a proceeding by *quo warranto* to test the title of defendant to the office of treasurer of Andrew county. It was commenced in the circuit court of Andrew county, but was removed by change of venue to Buchanan county, where a judgment of ouster was rendered against defendant, who appealed. From the evidence the following conclusion of facts are fairly deducible.

On the twenty-fifth day of June, 1889, defendant John Augustine, being then treasurer of said county, tendered to the county court of said county his written resignation, intending to resign, vacate and surrender said office. The county court thereupon made an order of record accepting the resignation, and, in the presence and by consent of defendant, directed the county clerk to certify the resignation to the governor of the state, in order that the vacancy might be filled, which was done. These certificates were received by the governor, and afterwards, on the twenty-eighth of June, he appointed relator Nicholas Kirtley treasurer of said county as successor of defendant, and directed the

secretary of state to issue a commission. Owing to necessary formalities, the commission was not issued until July fifth next thereafter, but Kirtley had notice of his appointment not later than the thirtieth day of June. On the first day of July, defendant lodged with the county court a writing by which he undertook to withdraw his resignation, and on the same day he telegraphed his withdrawal to the governor.

This appeal seems to have been taken in the first instance to the Kansas City court of appeals, and from there transferred to this court, for the reason that the proceeding involved the title to an office under the state, which gave exclusive jurisdiction to the supreme court. We find with the papers on file an opinion written by Judge GILL of said court of appeals, which we think clearly expresses the law in the case, and which we adopt as the opinion of this court. It is as follows:

"It is well established law, that, in the absence of express statutory enactment, the authority to accept the resignation of a public officer rests with the power to appoint a successor to fill the vacancy. The right to accept a resignation is said to be incidental to the power of appointment. 1 Dillon on Municipal Corporations [3 Ed.] sec. 224; Mechem on Public Offices, sec. 413; *Van Orsdall v. Hazard*, 3 Hill (N. Y.), 243; *State ex rel. v. Boecker*, 56 Mo. 17.

"By section 11, article 5, Constitution of Missouri, it is provided that: 'when any office shall become vacant, the governor, unless otherwise provided by law, shall appoint a person to fill such vacancy,' etc. It seems that no provision exists in our statutes for filling the vacancy of county treasurer. Hence it follows that the power of appointment remains, as directed by the constitution, with the governor. And the authority to fill the vacancy being with the governor, here likewise

rests the power to accept the resignation. In order then to create a vacancy in the office held by Augustine his resignation must have been lodged with the governor, and by the governor accepted. There being no particular mode pointed out by statute or by the Constitution, this resignation may be in writing or by parol. No particular form is required. It is only necessary that the incumbent evince a purpose to relinquish the office—that this purpose be communicated to the proper authority, and that this resignation be accepted either in terms, or something tantamount thereto, such as appointing a successor, etc. *Edwards v. United States*, 103 U. S. 471–474; *The People v. Board of Police*, 26 Barb. 502; Mechem on Public Offices and Officers, sec. 414, *et seq*.

"When this resignation shall have been communicated to the proper authority and the same shall be accepted—whether formally or by the appointment of a successor—it is beyond recall, it cannot then be withdrawn. *Mimmack's case*, 97 U. S. 426.

"In view then of these principles it would seem that defendant Augustine had accomplished a complete resignation of the office to which he was elected. It is clear that he and the members of the county court assumed the law to require his resignation to be presented to the county court. In this they were clearly mistaken, since as already shown the governor of the state, the appointing power, was the proper party to whom the resignation should have been tendered. However defendant's resignation was, by his knowledge and consent, forwarded to the governor, and he acted thereon by designating a successor, and this too before defendant made any effort to withdraw such resignation. This conduct on the part of Augustine signified a complete renunciation of the office—a resignation— and there was by the governor such an acceptance as

constituted a vacancy. The naming a successor (though a formal commission had not been made out) committed the governor to, and at law constituted, an acceptance of Augustine's resignation. *Mimmack's Case, supra;* Mechem's Public Offices and Officers, sec. 415.

"The case at bar is one quite different from *State ex rel. v. Boecker*, 56 Mo. 17, so confidently relied upon by defendant's council. There Boecker, on August 9, 1872, tendered his resignation as county clerk, to take effect December 31st following, by filing the same with the county court. On September 9th Boecker told Van Buskirk that he intended to withdraw his resignation. On September 14th Van Buskirk presented to the governor a certified copy of Boecker's resignation with copy of the order of county court accepting same, and secured his (Van Buskirk's) appointment. This was done, however, against the consent, express wishes and protest of Boecker, quite the reverse of the case here. It was there held, as we have decided, that a deposit of the resignation with the county court was a mere nullity; and that to constitute a resignation it should have been, with the knowledge and consent of Boeker, lodged with the governor and by him accepted. The evidence in the case at bar satisfactorily establishes the fact that Augustine consented and agreed that his resignation should be forwarded to the governor, and this was done and the governor acted thereon before defendant attempted to withdraw the same."

Judgment of the circuit court affirmed. All concur.