CASE 20—AGREED CASE BETWEEN M. F. DONELAN, CHAIRMAN AND OTHERS AGAINST CHARLES BIRD AND OTHERS AS TO WHEN AN ELECTION TO FILL THE VACANCY IN THE OFFICE OF CIRCUIT JUDGE SHOULD BE HELD.—MAY 10.

# Donelan &c. v. Bird &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

FROM THE JUDGEMENT DONELAN AND OTHERS APPEAL. AFFIRMED.

ELECTIVE OFFICERS—VACANCY—STATE OFFICERS—PRESIDENTAL ELECTORS.

1.   Presidential electors are State officers, within Const. sec. 152, providing for filling of a vacancy in an elective office at the next succeeding annual election at which either city, town, county, district, or State officers are to be elected.

A. T. ROOT FOR APPELLANTS.
        (No briefs in the record.)

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

The record herein presents an agreed case in which the parties sought in the court below, and are now seeking in

this court, a decision of the question as to when an election in Campbell county for filling the vacancy in the office of circuit judge for the Seventeenth Judicial District, caused by the death of the Honorable John P. Newman, should take place—whether in November, 1904, or November, 1905. The decision of the question submitted must turn upon the construction to be given section 152 of the Constitution, for section 1522, Kentucky Statutes 1903, bearing on the subject, is but a repetition of what we find in the Constitution. The section of the Constitution supra reads as follows: "Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows: If the unexpired term will end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, and if three months intervene before said succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment until said election, and then said vacancy shall be filled by election for the remainder of the term. If three months do not intervene before the happening of said vacancy and the next succeeding annual election at which city, town, county, district or State officers are to be elected, the office shall be filled by appointment until the second succeeding annual election at which city, town, county, district or State officers are to be elected; and then, if any part of the term remains unexpired, the office shall be filled by election until the regular time for the election of officers to fill said offices. Vacancies in all offices for the State at large, or for districts larger than

a county, shall be filled by appointment of the Governor.
All other appointments shall be made as may be provided
by law. No person shall ever be appointed a member of the
General Assembly, but vacancies therein may be filled at a
special election, in such manner as may be provided by law."

It appears that John P. Newman was duly elected judge
of the Seventeenth Judicial District at the regular election
held therein on the 3d day of November, 1903, for the full
term of six years, beginning the first Monday in January,
1904; that he received his certificate of election from the
State Board of Election Commissioners, and his commission
from the Governor, after which he took the required consti-
tutional and statutory oaths. But before the arrival of the
time for undertaking the performance of the duties of his
office, Newman died—his death having occurred January 1,
1904—thereby causing a vacancy in the office to which he had
been elected. On January 27, 1904, the Governor duly ap-
pointed and commissioned the present incumbent, Albert S.
Berry, to fill the vacancy, and he has, ever since his appoint-
ment, performed the duties of the office.

Obviously, the section of the Constitution supra will not
permit the appointee of the Governor to continue in the office
in question until the expiration of the term for which his
predecessor was elected, as the term will not end at the next
annual election at which city, town, county, district or State
officers will be elected. It is equally manifest that the con-
tingency can not arise that would entitle him to continue
in office until the second annual election after the happen-
ing of the vacancy at which officers of the classes named
are to be elected, because more than three months will in-
tervene between the happening of the vacancy and the time
for the holding of the first election thereafter of the charac-
ter indicated, and it is only where three months do not inter-

vene between the beginning of such vacancy and the next
succeeding election at which city, town, county, district or
State officers are to be elected that the Constitution will
permit the appointee to hold over until the second annual
election occurring after the happening of the vacancy. As in
this case not only three, but more than ten, months will in-
tervene between the happening of the vacancy and the next
succeeding annual election, if at such election there are to be
elected officers of the character specified in the section supra,
we think this case must be controlled by that part of the sec-
tion which declares that "if the unexpired term will not
end at the next succeeding annual election at which either
city, town, county, district or State officers are to be elected,
and if three months intervene before said succeeding annual
election at which either city, town, county, district or State
officers are to be elected, the office shall be filled by appoint-
ment until the said election, and then said vacancy shall
be filled by election for the remainder of the term."

The only question that remains to be determined is as to
whether at the November election, 1904, there will be elected
either city, town, county, district or State officers. This
court judicially knows that on Tuesday after the first Mon-
day in November, 1904, members of Congress and presiden-
tial electors will be voted for in every county and elected
throughout the State. In Eversole v. Brown, 21 R. 925, 53
S. W. 527, and Neely v. McCollum, 21 R. 823, 53 S. W. 37,
it was held by this court that members of Congress are not
district or State officers, within the meaning of section 152
of the Constitution. But in Todd, Mayor, v. Johnson County
Clerk, etc., 99 Ky., 550, 18 R., 354, 36 S. W., 987, 33 L. R.
A., 399, it was held by this court that presidental electors
are State officers, within the meaning of the section supra.
We adhere to the conclusion expressed in that case, and find

that it is sustained by the Supreme Court of the United States in the cases of McPherson v. Blacker, 146 U. S., 1, 13 Sup. Ct., 3, 36 L. Ed., 869; In re Green, 134 U. S., 377, 10 Sup. Ct., 586, 33 L. Ed., 951.

We are of the opinion, therefore, that an election should be held in Campbell county on Tuesday after the first Monday in November, 1904, for the purpose of electing a circuit judge for the Seventeenth Judicial District, to fill the vacancy in that office caused by the death of John P. Newman, and to serve during the remainder of the term for which he was elected.

Wherefore the judgment is affirmed.