STATE, EX REL. FAST ET AL., *v.* POPEJOY ET AL.

[No. 20,578.    Filed June 22, 1905.]

1.  DRAINS.—*Two or More Counties.*—*Jurisdiction.*—The board of commissioners of the county in which a ditch proceeding originates, where the ditch passes through more than one county, has general jurisdiction over the work; and its orders and judgments are certified to such other counties to be entered of record by their boards.   p. 178.

2.  SAME.—*Viewers.*—*Appointment.*—Each county concerned in the construction of a drain has the right to appoint its own viewers, and, in case of resignation, to reappoint.   p. 179.

3.  SAME. — *Viewers.* — *Resignation.*—To Whom Made.—Viewers of a proposed drain, in the absence of a statute to the contrary, should tender their resignations to the person or body having the right to appoint their successors.   p. 179.

4.  SAME.—*Viewers.*—*Resignation.*—*Vacancy.*—The tender and acceptance by the board of the resignations of viewers of a proposed drain creates a vacancy in such offices.   p. 180.

5.  MANDAMUS. — *Public Officers.* — *Resignation.* — Viewers of a proposed drain, whose resignations have been tendered to and accepted by the board, can not be compelled by mandate to do any official act.   p. 180.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by the State of Indiana, on relation of Arthur C. Fast and others, against William A. Popejoy and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*T. E. Ellison,* for appellant.

*Charles E. Sturgis* and *Robert W. Stine,* for appellees.

MONTGOMERY, J.—This action was brought by appellant to obtain a writ of mandate.   It appears from the application that the relators are petitioners for the construction of a public ditch involving four counties, said ditch beginning in Allen county and extending into the counties of Wells, Huntington and Whitley; that the boards of commissioners of each of said counties duly appointed viewers,

who accepted such appointments, qualified, and entered upon the discharge of their duties, and continued to act for some months; that in the conduct of said work said viewers employed an engineer, chainmen, axmen, and ascertained that a large amount of land in each of said counties will be benefited by such drainage, and devised a plan for the same and, in the performance of such work, have made relators liable for a large amount of costs; that certain of, said viewers, without the consent of relators, have abandoned the consideration of said matter, and ceased to act with the other viewers. Upon this application the court issued an alternative writ of mandate requiring appellees, as such viewers, to show cause why they should not proceed with the discharge of their duties. Eight of the viewers made a return to the effect that they were ready and willing to proceed and complete the examination of property and make report, but that they were unable to proceed without the concurrent action of the other three viewers. The three viewers appointed by the board of commissioners of the county of Wells made a return, stating that on the 7th day of February, 1905, before the commencement of this action, they tendered their resignations as such viewers to the Board of Commissioners of the County of Wells, which resignations were by said board, while in regular session on said date, duly accepted, and that since said date they have not been, and are not now, viewers upon said ditch. Relators demurred, for want of facts, to this return and answer, which demurrer was overruled, and an exception to the ruling duly saved. Relators electing to stand upon their demurrer, judgment was rendered against them for costs.

The ruling upon the demurrer to the return and answer of these three viewers is the sole question presented by the assignment of errors. Appellant's counsel states the question thus: "In a drainage proceeding brought before the commissioners of one county to secure the drainage of and make assessments upon lands in

four counties, can the viewers of one of these counties be allowed to resign, and their resignation be accepted by the board of a county other than that in which the head of the ditch will be?" This question must be answered in the affirmative. The board of commissioners of the county in which the ditch proceeding originates is given general jurisdiction over the work, and its orders and judgments are certified to the boards of other counties concerned, to be spread of record, and carried out by them in an administrative capacity. This provision was necessary to preserve the unity of the proposed work and harmony in the proceedings. *Denton* v. *Thompson* (1894), 136 Ind. 446; *Strayer* v. *Taylor* (1904), 163 Ind. 230.

This holding does not deprive the board of commissioners of any other county concerned of its right to appoint, and, in case of vacancy, to reappoint, its members of the body of viewers. These viewers must be regarded as officers of the court or tribunal having the proceeding in charge, and unless inhibited by statute they have an inherent right to resign their trust. *United States* v. *Wright* (1839), 1 McLean 509, 512; 23 Am. and Eng. Ency. Law (2d ed.), 421.

The board of commissioners of each county is expressly clothed with authority in the first instance, to appoint the viewers who shall represent such county in the joint enterprise. §5677 Burns 1901, §4308 R. S. 1881.

In the absence of a statute to the contrary, an officer should tender his resignation to the tribunal having authority to appoint a successor. Throop, Pub. Officers, §408; *Vaughn* v. *School District* (1895), 27 Ore. 57, 39 Pac. 393, 396; *Fryer* v. *Norton* (1902), 67 N. J. L. 537, 52 Atl. 476; *Edwards* v. *United States* (1880), 103 U. S. 471, 26 L. Ed. 314; 23 Am. and Eng. Ency. Law (2d ed.), 422; Mechem, Pub. Officers, §413; *State, ex rel., v. Augustine* (1892), 113 Mo. 21, 20 S. W. 651, 35 Am. St. 696.

The viewers of Wells county having tendered their

resignations as such viewers to the board of commissioners of that county, to take effect immediately, and such resignations having been accepted, a vacancy was thereby created. *State, ex rel.,* v. *Hauss* (1873), 43 Ind. 105, 13 Am. Rep. 384; *McGee* v. *State, ex rel.* (1885), 103 Ind. 444; *State, ex rel.,* v. *Fitts* (1873), 49 Ala. 402; *State, ex rel.,* v. *Clarke* (1867), 3 Nev. 566, 573; 23 Am. and Eng. Ency. Law (2d ed.), 424.

It follows that the viewers of Wells county—Popejoy, Gavin and Gooden—having ceased to be viewers before the commencement of this action, could not be required to perform the duties of the offices which they had abdicated. The demurrer to their return and answer to the alternative writ of mandate was properly overruled, and the judgment is affirmed.