## Beauchamp, County Judge, v. Rahm et al.

May 7, 1940.

Joseph J. Hancock, Judge.

Richard Priest Dietzman and Lawrence S. Grauman for appellant.

Trabue, Doolan, Helm & Stites and James W. Stites for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The town of Shively was organized by a judgment of the Jefferson circuit court on May 20, 1938, in accordance with the provisions of Section 3715 of the Statutes. The judgment provided that the three appellees, the petitioners below, and two others should be the trustees of Shively, and also that the five trustees and the other officials should hold their respective offices "until the next election at which officers for cities and towns may

be elected." The names of the aforementioned trustees were placed upon the ballots at the general election in November, 1938, and there being no opposition to them they were elected and each was awarded a certificate of election for a two year term.

Shortly after the general election in 1939 a resident and citizen of Shively addressed a letter to the county judge of Jefferson county, the appellant herein and the respondent below, in which it was claimed that there was a vacancy in the entire membership of the Board of Trustees of Shively. This letter also contained a request that the county judge fill the vacancy. Section 3692 of the Statutes. The county judge notified the trustees of his intention to hold a hearing on the matter. The trustees appeared in person or were represented by counsel. After the hearing the county judge entered an order which reads in part as follows:

"* * * the Court, after hearing argument, considers, orders and adjudges:

"(1) That a vacancy exists in the entire Board of Trustees of the aforesaid town of Shively;

"(2) That the Court has the power to fill the aforesaid vacancy by appointment;

"(3) That the matter of appointment to fill said vacancies be now passed to not earlier than December 8, 1939, for further consideration of the Court, and in order to afford any interested party opportunity to determine whether or not this Court is correct in its decision that it has the power to declare a vacancy exists and the power to appoint to said vacancy. To all of which the aforesaid five mentioned gentlemen object and except."

On December 6th the appellees filed their petition for a writ of prohibition against the county judge. The prayer of the petition is:

"Wherefore, Petitioners pray for a Temporary Writ of Prohibition enjoining and restraining the Respondent, Honorable Mark Beauchamp, as Judge of the Jefferson County Court, from enforcing, or attempting to enforce, the void Order of November 22, 1939, regarding the Board of Trustees of the City of Shively, and Petitioners further pray that

on final hearing the said Temporary Writ shall be made permanent and the Respondent enjoined and restrained from acting, or attempting to act, under said Order, or from appointing, or attempting to appoint, a Board of Trustees for the City of Shively, by virtue of said void Order; that said Order of November 22, 1939, be declared null and void and of no effect; for their costs herein expended, and all general and proper relief."

The appellant filed a general and a special demurrer and also an answer. The demurrers were overruled. The case was submitted on an agreed statement of facts. The trial judge prepared an opinion in which he set forth that the trustees were duly elected for two year terms in 1938, and therefore no vacancy existed; that the order of the county court adjudging a vacancy was ordered without that court having jurisdiction; and that the county judge under the authority of Page v. Hardin, 8 B. Mon. 648, had no authority to declare a vacancy in the membership of the Board. Accordingly, a writ of prohibition was granted under which the county judge was "restrained from acting or attempting to act, under the void order of November 22, 1939, herein involved, and from appointing or attempting to appoint, a Board of Trustees for the city of Shively by virtue of said void order; * * *." This appeal is being prosecuted from that judgment.

The principal question involved, as we view the case, is whether or not the members of the Board of Trustees could be elected at the general election in 1938. If they were duly elected at that time, their terms would run at least until the November election 1940. While, on the other hand, if they should have been elected at the general election in 1939, their offices were vacant thereafter, since their names were not on the ballots at that election. If the latter is true, the trustees are now acting as de facto officers, and have so acted since the general election in 1939. Pence v. City of Frankfort, 101 Ky. 534, 41 S. W. 1011, 19 Ky. Law Rep. 721.

Section 156 of the Constitution reads in part as follows:

"The cities and towns of this Commonwealth, for the purposes of their organization and government, shall be divided into six classes. The organization

and powers of each class shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions.''

It is to be noted from this section that the organization and powers of each class of cities shall be defined and provided for by general laws. Section 160 of the Constitution is to the same general effect. Since there is a sharp conflict between the parties as to the interpretation of certain phases of Section 167 of the Constitution, we quote that section in full:

"All city and town officers in this state shall be elected or appointed as provided in the charter of each respective town and city, until the general election in November, eighteen hundred and ninety-three, and until their successors shall be elected and qualified, at which time the terms of all such officers shall expire; and at that election, and thereafter as their terms of office may expire, all officers required to be elected in cities and towns by this Constitution, or by general laws enacted in conformity to its provisions, shall be elected at the general elections in November, but only in the odd years, except members of municipal legislative boards, who may be elected either in the even or odd years, or part in the even and part in the odd years: Provided, That the terms of office of police judges, who were elected for four years at the August election, eighteen hundred and ninety, shall expire August thirty-first, eighteen hundred and ninety-four, and the terms of police judges elected in November, eighteen hundred and ninety-three, shall begin September first, eighteen hundred and ninety-four, and continue until the November election, eighteen hundred and ninety-seven and until their successors are elected and qualified.''

It is to be noted from this section that the terms for all members of municipal legislative boards are two years, and that these officers may be elected either in the even or odd years, or part of them in the even years and part of them in odd years.

The effect of the appellees' contention, as we understand it, is that the part of Section 167 relating to muni-

cipal legislative boards means that a sixth class town may elect its trustees either in even or odd years, and therefore the election of the trustees in Shively in 1938 was in accordance with this provision. The opinion of the trial judge is to the same effect. But Section 167 makes reference to general laws, as do Sections 156 and 160. The general statute relating to the election of trustees and police judge in cities of the sixth class is Section 3681. This section provides for the election of these officers in odd years, and also that they take office the first Monday in January following their election. Clearly, the legislature, under the constitutional provisions heretofore referred to, has the power to provide by general law for the election of trustees in sixth class towns in even years or odd years, or that some of them be elected in even years and some of them in odd years, but this it has not done. It follows from what has been said, therefore, that the wording heretofore quoted from Section 3715 of the Statutes means that the officers appointed under that section hold office until the next election at which officers for cities and towns may be elected, namely, in odd years. Even if we were to take the position that it would have been possible, under Section 3715, to elect the trustees of Shively at the general election in 1938 for the remainder of the unexpired terms, namely, until the first Monday in January, 1940, the case would not be altered.

In view of what has been said the county judge had authority, under Section 3692 of the Statutes, to appoint five trustees in Shively after the general election in 1939. Why he did not do this we can not say. Certainly he had a right to satisfy himself as to whether or not a vacancy existed in the membership of the Board of Trustees. This he did, as we have noted from his order heretofore quoted. As to whether he should have entered an order declaring a vacancy to exist does not seem to us to be material to the question. He did not attempt to remove the trustees from office, but merely declared that a vacancy existed. In the Page v. Hardin case, supra, Governor Owsley had attempted to remove the secretary of state from office and to fill the vacancy. The Court held that could not be done, and that the power to appoint did not embody the power to remove. See also Johnson v. Laffoon, 257 Ky. 156, 77 S. W. (2d) 345. But we are not faced with that situation. In the case

before us the county judge was performing a ministerial duty in attempting to satisfy himself as to whether or not a vacancy existed in the membership of the Board of Trustees. It follows from what has been said that the trial judge erred in granting the writ of prohibition.

Wherefore, the judgment is reversed.