## Sparks, County Judge, v. Adkins.

March 7, 1947.

John Noland, Special Judge.

Allen Harrison for appellant.

J. R. Llewellyn and Elmer Cunnagin for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming:

Section 70.320, KRS, prescribes in its first subsection that "A constable may appoint one or more deputies by and with the consent of the county judge * * *." Its second subsection says: "Deputy constables may be removed at any time, for any cause deemed sufficient by the constable, by order of the county court, entered after the filing of a written direction by the constable."

Section 63.010 of the same edition of our Statutes says: "All resignations of office shall be tendered in writing to the court or officer required to fill the vacancy, and received and recorded by the court or officer in its or his records. Resignations to the Governor shall be recorded in the Executive Journal."

At the regular election in November, 1945, the appellee, William Adkins, was elected constable of magisterial district No. 1 in Jackson County, and at the same election the appellant, George Sparks, was elected County Judge of the county. Each of them qualified as such officers at the time specified by law. Following his qualification as constable the appellee, under the authority conferred by section 70.320 appointed, with the consent of appellant as Judge of the County Court, Jesse Sparks and Ernest Moore deputy constables under him, which were evidenced by orders entered on the county court record. On March 27, 1946, appellee revoked the appointments of both Jesse Sparks and Ernest Moore, and filed with the county court clerk written evidence of such revocations, with directions to that officer to strike their names off of the record as such deputies "for causes best known to myself," which written direction and request was signed by appellee, following which the clerk entered an order as requested and directed by appellee. The latter then requested the appellant, as county judge, to sign on the records of his court the order so entered by the clerk of his court who, under the law, is the county court clerk.

Appellant refused appellee's request to sign the order, and on May 1, 1946, he filed this action against appellant as county judge of the county, seeking a mandatory order compelling him to sign on the records of the county court appellee's order removing Sparks and Moore as deputy constables, which removal according to

the petition, was made because of activities in which the two deputies were engaged, or the manner in which they performed their official functions was of such a character as to create possible liability against appellee under his bond as is prescribed by section 70.320, supra, of KRS.

Appellant answered the petition, the first paragraph containing a denial of appellee's alleged ground for the removal of his two deputies; whilst the second paragraph of the answer attempted to set out a defense for his refusal to sign appellee's order of removal referred to. That defense was, that on April 27, 1946, three days prior to the filing of appellee's petition, the two deputies referred to appeared before appellant and filed with him their resignations as deputy constables of the district and county aforesaid.

Jesse Sparks' alleged resignation said: "I, Jesse Sparks, tender my resignation as deputy constable to George Sparks, County Judge of Jackson County, this 27th ·day of April, 1946;" whilst the writing filed by Ernest Moore said: "I, Ernest Moore, tender my resignation as deputy constable to George Sparks, County Judge of Jackson County." No orders of acceptance of either attempted resignation was made at that time, and so far as the record shows at no other time, although there is some contrariety in the opinions of the courts as to whether or not such an order is necessary to divest an officer of his official robes For that reason we do not attempt to determine the rule that should prevail in this Commonwealth on that disputed question. Our declination to do so in this case is also because should we attempt to align ourselves either way on that disputed question it would be pure dictum under the facts of this case.

On the assumption that no order of acceptance of such resignations was necessary, and that they were complete after being filed and recorded, appellant alleged that at the time the action was filed by appellant (being three days after such attempted resignation) the appellee had no deputies because they had already resigned their positions, and his attempted removals were totally ineffective. A demurrer was sustained to the answer and appellant declining to plead further, the court sustained the prayer of the petition and ordered appellant,

as judge of his county, to sign the removing orders of appellee which he had filed with the county court clerk, and from that judgment appellant prosecutes this appeal.

Section 63.010, KRS, supra, is the same as section 1530 of Carroll's Kentucky Statutes, and its interpretation and effect was before this court in the case of Shacklett et al. v. Town of Island, et al., 146 Ky. 798, 143 S. W. 369, 370, Ann. Cas. 1913C, 602, although that opinion involved resignation of other officers than constables or deputy constables. After quoting the section this court, speaking through Judge Carroll, said: "Under this section, the resignation of an elective or appointive officer must be tendered in writing to the person who has the power to appoint his successor, and a resignation tendered to any other person or body is a nullity. Fryer v. Norton, 67 N. J. L. 537, 52 A. 476; Vaughn v. School District, 27 Or. 57, 39 P. 393; State (ex rel. Fast) v. Popejoy, 165 Ind. 177, 74 N. E. 994, 6 Ann. Cas. 687; State (ex rel. Kirtley) v. Augustine, 113 Mo. 21, 20 S. W. 651, 35 Am. St. Rep. 696; State (ex rel. Royse) v. Superior Court (of Kitsap County), 46 Wash. 616, 91 P. 4, 12 L. R. A., N. S., 1010, 123 Am. St. Rep. 948, 13 Ann. Cas. 870; Reiter v. State, 51 Ohio St. 74, 36 N. E. 943, 23 L. R. A. 681."

The attempted resignations of the two deputy constables in this case were not filed with the proper authority designated by the statutes, and we so held in the Shacklett opinion. They were, therefore, invalid and void and of no effect, whereby neither of the deputies ever legally resigned their official positions, and the only method by which they could be deprived thereof was by removal, executed and recorded in the proper manner by appellee as their principal, he being the one who appointed them and to whom their attempted resignations should have been tendered. That conclusion is so obvious from the language of the inserted statutes dealing with the question involved as to require no further discussion, nor citation of authorities other than the Shacklett case, supra.

Wherefore, the judgment is affirmed.