## Smith v. Ruth.

June 25, 1948.

Blakey Helm, Robert L. Sloss and Arthur W. Grafton for appellant.

Samuel Steinfeld, Harris W. Coleman, Thomas S. Dawson and Henry L. Brooks for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The question is whether there must be an election for mayor of the City of Louisville in November, 1948, to fill an unexpired term. The circuit court entered a declaratory judgment in the affirmative in this suit by a taxpayer against the County Court Clerk to enjoin preparation for the August primary and November general election.

Honorable E. Leland Taylor, who was elected mayor for the term ending December 1, 1949, died on February

16, 1948. Pursuant to Ky. Rev. Stats. 83.130(1), Charles. P. Farnsley was elected mayor pro tem by the Board of Aldermen. The statute provides that if a vacancy occurs three months or more prior to a regular election for city, county, district or state officers, a mayor shall be chosen for the unexpired term at that election. KRS 83.130(2). This provision is in accord with Section 152 of the Constitution. So the question is resolved into one of interpretation of that section, and others to be noted, as applied to present conditions.

In November, 1948, elections will be held for a member of Congress in the district of which Louisville is a part and presidential electors and a United States senator throughout the State. A regular election will also be held for two members of the Board of Education of the City of Louisville. The boundaries of the school district are coterminous and the territory coextensive with those of the City.

It is undisputed that if there were only a member of Congress and a United States senator to be elected at the time, there could be no election to fill the vacancy in the office of Mayor. Brumleve v. Ruth, 302 Ky. 813, 195 S. W. 2d 777. The appellant also recognizes that we have held presidential electors to be state officers within the comprehension of Section 152 of the Constitution which provides for the filling of a vacancy in office at a succeeding election "at which either city, town, county, district or State officers are to be elected." Presidential electors were so classified in 1896 in an identical case involving a vacancy and election of mayor of Louisville. Todd v. Johnson, 99 Ky. 548, 36 S. W. 987, 33 L. R. A. 399. The appellant points to the strong dissenting opinion of Judges Durelle and Guffy in that case, and submits that the construction of Section 152 given by the majority of the court is unsound. It is argued the dignity of the position of presidential electors has been greatly reduced and their function has become merely clerical. It is said, moreover, that the opinion in Commonwealth v. O'Connell, Sec'y of State, 298 Ky. 44, 181 S. W. 2d 691, is tantamount to the acceptance of the reasoning of the dissenting opinion in the Todd case. It was held in the O'Connell case that notwithstanding the then provision of the Constitution of Kentucky which prohibited absentee voting, the Act of

1944, c. 134, authorizing such manner of voting in presidential and congressional elections in time of war was valid. That opinion quotes from several U. S. Supreme Court cases showing that presidential electors are regarded as state officers. The conclusion was that the act of the General Assembly was under and by authority of the Congress and the Federal Constitution, to which the conflicting provisions of the State Constitution should yield. The Todd case has been specifically followed and applied in four later opinions, namely Donelan v. Bird, 118 Ky. 178, 80 S. W. 796; Hodge v. Bryan, 149 Ky. 110, 148 S. W. 21; McCreary v. Williams, 153 Ky. 49, 154 S. W. 417; Eagle v. Cox, 268 Ky. 58, 103 S. W. 2d 682. There is no case to the contrary.

In annotations, "Presidential and Vice Presidential Electors," 153 A. L. R. 1066, it is shown that those officers are regarded quite uniformly as agents of their respective states, and that the constitutional features of the scheme of the Electoral College must still control the legal character and incidents of the office, notwithstanding the fact that they are not now functioning in the manner originally intended. But there is a note, with the arguments supporting the proposition, that a majority of the California Supreme Court has held presidential electors not to be "public officers" within the meaning of that state's laws pertaining to primary elections.

We have given the reconsideration of this question which the earnest advocacy of appellant's counsel merits. However, we adhere to the previous decisions of the court. It meets the manifest purpose of having all offices filled by election by the people as soon as practicable. The instance for postponement designated by the Constitution, namely, where there will be no regular election for state, district or county officers at the same time, is not present as in Brumleve v. Ruth, supra.

Concerning the consequence of the regular election of members of the State Board of Education at the same time. We held in Ward v. Siler, 272 Ky. 424, 114 S. W. 2d 516, that they are also state officers within the intent of Section 152 of the Constitution, and that where members of County Boards of Education were to be elected at a regular election, as were also a member of Congress

and a United States senator, it was proper to hold an election and fill a vacancy in the office of circuit judge. The appellant challenges the soundness of that decision on the ground that the Constitution sets apart elections of school trustees or, as they are now called, members of boards of education, from the election of every other officer, hence that the provisions applicable to other elections have no application to them. In view of our adherence to the classification of presidential electors, there is no need to consider this point.

The appellant takes the further position, with much earnestness also, that even under that classification of presidential electors and members of the board of education, still there can be no election to fill the vacancy in the office of mayor of Louisville by reason of the terms of Sections 148 and 167 of the Constitution, which he says forbid it.

Section 148, after declaring that all elections shall be held on the first Tuesday after the first Monday in November, adds, "but no officer of any city, town, or county, or of any subdivision thereof, except members of municipal legislative boards, shall be elected in the same year in which members of the House of Representatives of the United States are elected. District or State officers, including members of the General Assembly, may be elected in the same year in which members of the House of Representatives of the United States are elected."

Section 167 declares that city and town officers are to be elected "only in the odd years, except members of municipal legislative boards."

The appellant argues that the provisions of Section 152, insofar as they relate to elections to fill vacancies in city and town offices, are qualified and limited by the mandatory terms of both Sections 148 and 167.

The debates of the Constitutional Convention show that the reconstruction days in the South had not been forgotten. The particular inspiration of the specific provision setting elections of municipal executive and judicial officers at a different time than elections for members of Congress, and the same arrangements generally for state and district officers, is, of course, no longer

feared. But the desirability still remains of exercising our right of suffrage as citizens of the national government at a different time from that in which we exercise our similar rights as citizens of the State and its subordinate and auxiliary parts. See Hutchinson v. Miller, 158 Ky. 363, 164 S. W. 961. That provision is contained in a section of the Constitution which relates to regular elections. Section 152 is separated from both of those sections and relates exclusively to the filling of vacancies in office by appointment and election.

In Shelley v. McCullough, 97 Ky. 164, 30 S. W. 193, 17 Ky. Law Rep. 53 and in Smith v. Doyle, 76 S. W. 519, 25 Ky. Law Rep. 958, the court harmonized the several sections and provisions of the Constitution relating to the subject, and held that those barring election of city officers in the same year as members of Congress and requiring that they be held in odd years applied only to regular elections and had no application to special elections to fill vacancies prescribed by Section 152. Those opinions have been cited and followed in the following cases: Todd v. Johnson, supra, 99 Ky. 548, 36 S. W. 987, 33 L. R. A. 399; Pence v. City of Frankfort, 101 Ky. 534, 41 S. W. 1011; Neeley v. McCollum, 107 Ky. 143, 53 S. W. 37; Eversole v. Brown, 33 S. W. 527, 21 Ky. Law Rep. 925; Ferguson v. Hackett, 74 S. W. 708, 25 Ky. Law Rep. 170; McCreary v. Williams, 153 Ky. 49, 154 S. W. 417; Scott v. Singleton, 171 Ky. 117, 188 S. W. 302; Mullins v. Jones, 290 Ky. 796, 162 S. W. 2d 761; Beauchamp v. Rahm, 283 Ky. 50, 140 S. W. 2d 633; Brumleve v. Ruth, supra, 302 Ky. 813, 195 S. W. 2d 777. Not all of these cases pass upon both specific points, and some of them merely recognize the exclusion of elections to fill vacancies from the provisions of Sections 148 and 167. But they all show how well-established is this construction of the Constitution. Several cases cited by the appellant are easily distinguishable and are not in conflict. Special notice, however, may be taken of Beauchamp v. Rahm, 283 Ky. 50, 140 S. W. 2d 633, which the appellant construes as holding that a city election to fill a vacancy cannot be held in an even numbered year. The sixth class town of Shively had been created and its officers named in a judgment rendered in May, 1938. They were elected without opposition at the ensuing November, 1938, election on the assumption that their appoint-

ment by the court expired at that time. After the date of the 1939 elections, the county judge regarded the offices vacant and appointed others to fill them. Our decision was, in effect, that the election in 1938 was void because held in conflict with the terms of Section 167 of the Constitution requiring the election of municipal executive and judicial officers in the odd years, and that the appointments by the court at the creation of the town were until they could be chosen at the first regular election, which was in 1939. It was not a case of vacancy occurring during a term.

We are of opinion that here also the former decisions should be adhered to.

Wherefore the judgment is affirmed.

Judge Knight dissenting.

I agree with the opinion of the majority of the court that the question involved in this litigation has heretofore been decided adversely to the contention of the appellants on this appeal and that if we follow the stare decisis doctrine we must decide this case on the authority of our previous rulings in the cases of Todd v. Johnson, 99 Ky. 548, 36 S. W. 987, 33 L. R. A. 399, and Shelley v. McCullough, 97 Ky. 164, 30 S. W. 193. However, I believe this court got off on the wrong foot in those decisions and should, even at this late day, retrace its steps and get on the right track as it did in Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. 2d 877, and many other cases that might be cited.

It has frequently happened in this court, in the Supreme Court of the United States and in other courts of last resort, that the views of a minority of the court, as expressed in dissenting opinions, have ultimately triumphed and finally become the views of the majority and hence the law of the land. I agree with the minority view in the Todd case supra, expressed by the dissenting opinion of Judge DuRelle, especially in its contention that presidential electors are not ''State Officers'' within the meaning of Section 152 of the Constitution.

It is my view that when Section 152 of the Constitution said ''If the unexpired term will not end at the end of the next succeeding annual election at which either city, town, county, district or State officers are to be

elected, * * * the office shall be filled by appointment until said election'' it meant the succeeding annual election at which all such officers would normally, and, under other sections of the Constitution, be elected, to wit, the odd years, and specifically in 1897 in the Todd case and in 1949 in the instant case. I do not believe that the authors of the present Constitution intended to say that if some member of a school board or a presidential elector by chance was to be elected on the even year November election following the vacancy, that a mayor, a county judge or any other such officer appointed to fill the vacancy, can serve only until such election but rather that they intended to say that he should serve until the odd year in which such officers could be elected.

Since the unexpired term of Mayor Taylor will end at the next succeeding annual election at which city, county and district officers are to be elected, to wit in 1949, the officer appointed to succeed him should serve for the *remainder of the term* as provided in that part of Sec. 152 of the Constitution which says: ''If the unexpired term will end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment for the *remainder of the term.''* (My emphasis)

I think the whole spirit of the Constitution, as evidenced by the debates in the Constitutional Convention, is that local elections shall, insofar as possible, be held at the time when no national election is to be held, thus avoiding the influencing of purely local questions by national issues with which they have no relation.

Without further elaboration but for the reasons herein expressed, among others that could be mentioned, I respectfully dissent from majority opinion in this case.