Joseph T. HANCOCK, Appellant,

v.

James F. QUEENAN, Clerk of Jefferson County Court, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 5, 1956.

James W. Stites, Luther Roberts, Louisville, for appellant.

Chas. Dobbins, J. W. Jones, Wilber Fields, Oldham Clarke, Louisville, for appellees.

STANLEY, Commissioner.

Section 152 of the Kentucky Constitution provides that if an office is vacated three months or more before an election for either city, town, county, district, or state officers, an appointment to the vacated office is effective only until the election. If the elapsed period is less than three months, the appointment holds until the next year's election. The question before us is as to the time a vacancy occurred. The particular facts make the case one of first impression.

In an agreed case submitted under KRS 418.020 to 418.030, the trial court adjudged that a vacancy occurred in the office of Judge of the Jefferson Circuit Court, Common Pleas Branch, Second Division, more than three months before the general election to be held November 6, 1956; hence, that the County Clerk must place the names of nominees for the office upon the ballots. Honorable Joseph J. Hancock, who was appointed by the Governor within less than three months of the 1956 election to fill the vacancy, brings an appeal. He maintains that he has the right to serve until the November, 1957, election.

In 1954 the General Assembly created the office of Special Circuit Judge of the Commonwealth and made eligible therefor regular circuit judges who had served as such for as long as ten years and who for a minimum of two years had contributed to a fund out of which the salaries and expenses of the special judges are payable. Chapter 83, Acts of 1954, now KRS 23.300 to 23.380. A judge who is eligible makes an application to the Court of Appeals for retirement and appointment to the office, and this Court is required to accept the application and make the appointment. KRS 23.320. This act establishes a system for retirement of circuit judges and at the same time sets up a pool of experienced judges who are required to serve as special judges and perform such other duties as may be assigned to them throughout the Commonwealth when and where needed.

Honorable Burrel H. Farnsley, who had served as a circuit judge for many years, was doing so for a term which will expire on the first Monday in January, 1958. Section 129, Constitution. On July 25, 1956, Judge Farnsley filed an application in accordance with the terms of the statute, and on July 30, 1956, this Court entered the following order:

"The Honorable Burrel H. Farnsley, Judge of the Jefferson Circuit Court, Common Pleas Branch–Second Division, having filed application for transfer from the status of Circuit Judge to the status of Special Circuit Judge under provisions of KRS 23.310 and 23.330; and the Hon. Burrel H. Farnsley having fulfilled all requirements precedent to the making of such transfer, and the Court being sufficiently advised, it is ordered that the Hon. Burrel H. Farnsley be and he is hereby transferred to the status of Special Circuit Judge according to the statutes made and provided, said transfer to be effective August 1st, 1956."

On August 20, 1956, the Governor appointed the appellant, Joseph J. Hancock, to fill the vacancy.

Upon request, the Attorney General advised the County Court Clerk of Jefferson County, the appellee James F. Queenan, that when Judge Farnsley accepted the office of Special Judge, he automatically vacated the office he held; and that under the terms of Section 152 of the Constitution, a successor to serve during the unexpired term should be elected at the ensuing November, 1956, election. Thereafter, the appellee L. Lyne Smith, Jr. was nominated as the Republican candidate, and the appellee William Loraine Mix as the Democratic candidate.

The appellant's claim that he holds over until the November, 1957, election rests on the concept that the action taken by Judge Farnsley was a resignation of his office, and it did not take effect and a vacancy did

not occur until the governor appointed his successor, which was within three months of the 1956 election.

KRS 63.010 provides:

"All resignations of office shall be tendered in writing to the court or officer required to fill the vacancy, and received and recorded by the court or officer in its or his records. Resignations to the Governor shall be recorded in the Executive Journal."

We have held that in the absence of a statute to the contrary "the resignation of a public officer does not become effective until accepted by the proper authority, or by equivalent action, such as the appointment of a successor." Commonwealth ex rel. Wootton v. Berninger, 255 Ky. 541, 74 S.W.2d 932, 933, 95 A.L.R. 213.

█ If Judge Farnsley had resigned his office, his resignation would have been filed with the Governor, who has the authority to fill a vacancy in the office of a circuit judge. Section 76, Constitution. If it had been made to any other officer, it would have been a nullity and of no effect. Sparks v. Adkins, 304 Ky. 212, 200 S.W.2d 307. But he did not tender a resignation, and we do not construe his action to have been a resignation within the meaning of the Constitution or the statute. It was retirement pursuant to and in accordance with a special statute, the spirit and intent of which control.

A vacancy in a public office may be created, of course, by means or events other than a formal resignation. Illustrative are failure to qualify, death, removal from the district, or removal from or forfeiture of the office or an abandonment thereof. The retirement statute effectually describes another event which will create a vacancy.

█ It is doubtful if the Legislature could force or authorize the Court of Appeals to compel a relinquishment of the office of circuit judge and a transfer of the incumbent to the retired or semiretired

status for that would be to legislate the incumbent out of office; but it cannot be doubted that the Legislature has power to prescribe a condition which, when voluntarily accepted by an incumbent officer, brings about an event which has the legal effect of vacating the office.

█ It is not an acceptable argument that Judge Farnsley continued as an incumbent of the office of circuit judge until his successor was appointed and qualified. Of necessity, the provision of Section 129 of the Constitution that circuit judges shall "continue in office until their successors shall have been qualified" refers to a reasonable extension of tenure, 67 C.J.S., Officers, § 48, and the provision is subject to the condition that they do not vacate the offices earlier. Nor can we accede to the argument that there could be no vacancy until Judge Farnsley took the oath of office as a special judge, which he has not done. Another special oath was not required. KRS 23.220 provides:

"The commission issued to each regular circuit judge shall have the effect of commissioning him a special judge of the Commonwealth with jurisdiction coextensive with the state, and the judge shall remain such as long as he continues to hold office under the commission as regular judge."

█ Nor is there involved the question of vacating an office by accepting another that is incompatible. The appellant's argument that there is no incompatibility in the offices of regular and special judge is sound insofar as it concerns incompatibility of duties or the character and relationship of offices or as being in conflict with the terms of §§ 165 or 237 of the Constitution or KRS 61.080. James v. Cammack, 139 Ky. 223, 129 S.W. 582. But the Legislature had power to say that a special judge appointed under the provisions of the statute involved KRS 23.330, could hold no other office. What would be the result of such a special judge accepting some other office is of no

**96**

concern here. It is pertinent, however, to say that the statute discloses a legislative intent that the acceptance of the appointment as a special judge under the terms of the statute shall be deemed a vacation of the office of regular judge.

In the present case, when Judge Farnsley's application for transfer or assignment to the office of special judge was accepted by the order of the Court of Appeals, copied above, a vacancy was ipso facto created by operation of law. No action on the part of the Governor or anyone else was needed to make the vacancy complete on that day. An office is vacant when it is without an incumbent who is legally qualified to hold it or the incumbent has no right to exercise its functions or receive the emoluments thereof. Kash v. Day, Ky., 239 S.W.2d 959. After the acceptance of the office of special circuit judge of the Commonwealth, Judge Farnsley had no authority to perform the duties as judge on his former bench or any other until and unless he was assigned specially by the Court of Appeals. KRS 23.330. As a matter of fact, Judge Farnsley did not undertake to serve as regular judge but received the allowance or benefits of the retirement fund from August 1, 1956, and not a salary as circuit judge.

Another point raised by the appellant is that the election to be held in November, 1956, is not within the purview of § 152 of the Constitution. That section provides, as related above, that elections of officers for unexpired terms shall be held at the same time as an "election at which city, town, county, district or state officers are to be elected". The only officers that may be said to be within these classes to be voted on in Jefferson County at the coming election are presidential electors. This court has for many years consistently held that presidential electors are state officers with-

in the meaning of this section of the Constitution. Todd v. Johnson, 99 Ky. 548, 36 S.W. 987, 33 L.R.A. 399; Smith v. Ruth, 308 Ky. 60, 212 S.W.2d 532. The appellant vigorously argues that this conclusion is erroneous and that the opinions so holding should be overruled and the court declare that presidential electors are federal and not state officers. We reconsidered the question in Smith v. Ruth, 308 Ky. 60, 212 S.W.2d 532, and continue to adhere to the view.

The judgment is affirmed.