**William A. CHENAULT, Appellant,**

v.

**Henry H. CARTER, Secretary of State, Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1960.

Parker W. Duncan, Bowling Green, Ed P. Jackson, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

This declaratory judgment proceeding tests the right of the appellee, as Secretary of State of Kentucky, to certify for action by the electorate at the statewide election to be held on November 8, 1960, the question set forth in § 4, House Bill No. 62, enacted by a majority of all the members elected to each House at the regular session of the 1960 General Assembly. The matter was heard by the chancery branch of the Jefferson Circuit Court sitting in banc. This appeal calls into review a judgment declaring that:

(1) The enactment of the 1959 extraordinary session of the General Assembly providing for an election to take the sense of the people of Kentucky on the question of holding a constitutional convention, and the subsequent concurrence in like manner by the 1960 General Assembly, met the requirements of Const. § 258;

(2) The regular election to be held November 8, 1960, is one at which state officers are to be elected;

(3) The limitation of the proposed convention to the 12 subjects set forth in the successive enactments of the General Assemblies is valid and will constitute a restriction on the power and authority of the delegates to the convention; and

(4) If a majority voting on the proposal at the November 8, 1960, election shall approve the calling of a convention and if the total number of votes cast in favor thereof shall equal one-fourth of the number of qualified electors who voted at the last preceding general election in this State, and the 1962 General Assembly at its regular session thereupon calls the convention, the delegates to the convention will be elected at the regular November election in 1962.

We deem it virtually self-evident that the General Assembly for each biennium is a separate body. Const. § 258 is silent on the matter of whether the required actions of successive General Assemblies proposing a convention must be taken at regular sessions, whereas it is explicit in providing that after the electorate shall have voted, by constitutional majority, in favor thereof the call shall be issued by the General Assembly at the "next *regular* session" (emphasis added). Unless this significant contrast between the two references to the General Assembly within the context of § 258 be ignored it is an inescapable conclusion that the action of a General Assembly proposing a constitutional convention is not restricted to its regular session. Therefore, the actions of the General Assemblies at the extraordinary session in 1959 and the regular session in 1960 were actions by two successive General Assemblies within the meaning of § 258. This conclusion is fortified by comparison with

§ 256, which requires that amendments be proposed "at a regular session."

It is settled in this jurisdiction that presidential electors (who will be elected in November of 1960) are state officers. See Smith v. Ruth, 308 Ky. 60, 212 S.W.2d 532, and cases therein cited. Thus the election of November 8, 1960, is one at which state officers are to be elected.

The choice of whether a constitutional convention shall be called rests entirely with the electorate. The discretion of the legislature is at an end when the matter is finally proposed. The formal call issued by the General Assembly following a favorable vote by the people is but a ministerial duty enjoined upon it by the Constitution in the execution of a public mandate. Inhering in that mandate are the terms and conditions of the initial proposal. The delegates to the convention are the agents not of the legislature, but of the people themselves. As a principal may limit the authority of his agent, so may the sovereign people of this state limit the authority of their delegates. This they may do by accepting and approving, through a constitutional majority as set forth in § 258, a proposal for a limited constitutional convention. Gaines v. O'Connell, 305 Ky. 397, 204 S.W.2d 425; Staples v. Gilmer, 183 Va. 613, 33 S.E.2d 49, 158 A.L.R. 495; Cummings v. Beeler, 189 Tenn. 151, 223 S.W.2d 913.

If the call of a convention is approved at the election on November 8, 1960, and so certified by the Secretary of State, it will be the fixed duty of the 1962 General Assembly at its regular session to translate such approval into a formal enactment, following which the delegates "shall be elected at the next general State election after the passage of the act calling the Convention, which does not occur within less than ninety days." Const. § 260. Again the contrast of language, considering the words "general State election" in § 260 and "general election in this State" in the last sentence of § 258 (requiring the total number of votes cast for the call to equal one-fourth of the total vote in the last preceding general election) vis-a-vis the words "regular election to be held for State officers" as used in § 258 with respect to the time of holding the election on the calling of the convention, must be regarded as significant. It can logically be inferred, we think, that the election of "state officers" is not the test of a "general State election." Moreover, in view of Const. §§ 41 and 42 limiting legislative sessions to 60 days and prohibiting either house from adjourning for more than 3 days without the consent of the other, the requirement of § 260 that delegates be elected at the general state election occurring at least 90 days following the formal call strongly implies a recognition of the probability that the election would fall in the same year as the regular session of the General Assembly issuing the call. We therefore hold that the election of November, 1962, at which a United States Senator and members of Congress are to be elected, is a general state election within the meaning of Const. § 260. See Lively v. Brown, 304 Ky. 850, 202 S.W.2d 371. As in the case of the first question herein discussed, relating to sessions of the General Assembly, this conclusion is supported by comparison with § 256, wherein it is required that a proposed amendment or amendments be submitted to the voters "at the next general election for members of the House of Representatives."

The issues in the case were properly made and joined. The matter has been ably and fairly presented by distinguished counsel for the respective parties. We find the judgment to be correct and proper in all respects.

Judgment affirmed.