Kermit BILLITER, a Citizen, Resident and Taxpayer of Pike County, Kentucky, Appellant,

v.

W. E. NELSON et al., Appellees.

Court of Appeals of Kentucky.

March 29, 1957.

Rehearing Denied May 3, 1957.

W. A. Daugherty, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., Jack T. Page, Pikeville, for appellees.

CULLEN, Commissioner.

In question is the constitutionality of Chapter 118 of the Acts of 1956, KRS 67.-065, which provides that in all counties having a population of 75,000 or more the fiscal court shall consist of the county judge and three commissioners. In an action brought by a citizen and taxpayer of Pike County, against four persons who have filed as candidates for the office of commissioner of that county, seeking nomination at the primary election to be held May 28, 1957, the circuit court held the Act constitutional. The plaintiff has appealed.

The commission form of government for counties is authorized by Section 144 of the Kentucky Constitution, which provides, in part:

"Counties shall have a Fiscal Court, which may consist of the Judge of the County Court and the Justices of the Peace * * *; or a county may have three com-

missioners, to be elected from the county at large, who, together with the Judge of the County Court, shall constitute the Fiscal Court. * * *" (Our emphasis)

In 1892, immediately after the adoption of the present constitution, the General Assembly passed an Act providing that any county, by a vote of its people, could adopt the commission form of government. With some minor amendments that Act has remained in force for more than 60 years, and it now appears as KRS 67.050 and 67.060. Thirteen counties have adopted the commission form of government under that Act, including four of the five counties of this state that have a population of 75,000 or more. At the time of the passage of the 1956 Act now in question, Pike County was the only county of 75,000 population that retained the old form of government.

The 1956 Act *requires* all counties having 75,000 population or more to operate under the commission form of government, leaving to other counties the option to adopt it if they choose.

 It is our opinion that Section 144 of the Constitution does not authorize the legislature to *compel* any county, or any class of counties, to adopt the commission form. The section is phrased in terms of an option vested in each county, to be exercised by the local voters. Support for this construction of the section is found in:

(1) The fact that for more than 60 years the legislature placed this construction upon the section, through the statute providing a method by which each county could exercise its option.

(2) The provision of Section 60 of the Constitution recognizing that "the regulation by counties * * * of their local affairs" is a proper subject of local option.

(3) The following quotation (admittedly dictum) from the opinion in Hazelrigg v. Hazelrigg, 169 Ky. 345, 183 S.W. 933, at page 936:

" * * * it is no doubt true, that this provision of the Constitution was inserted for the purpose of giving to any county in the state the right to choose whether the members of its fiscal court should be selected as representatives of particular districts, or of the county at large; that is, whether or not it should have district magistrates or county at large commissioners. * * *"

Since the 1956 Act deprives certain counties of the option conferred upon them by Section 144 of the Constitution, the Act must be held unconstitutional.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.