**Oscar B. LACKEY et al., Appellants,**

v.

**John W. GARNER et al., Appellees.**

Court of Appeals of Kentucky.

April 19, 1963.

Morris E. Burton of Johnson & Burton, Frankfort, Charles C. Adams of Adams & Adams, Somerset, for appellants.

H. K. Spear, Somerset, John B. Breckinridge, Atty. Gen., amicus curiae, Walter C. Herdman, Asst. Atty. Gen., Frankfort, for appellees.

BIRD, Judge.

The General Assembly of Kentucky at its regular session in 1960 enacted into law KRS 118.450(4) which reads as follows:

"Each county *shall* acquire voting machines meeting the specification of Section 125.040 of the Kentucky Revised Statutes, for each precinct in which such machines are not already in use, no later than the primary election in 1963; provided, however, that (a) counties containing a population of 21,000 or more shall acquire voting machines for each precinct therein prior to the primary election in 1961; (b) counties containing a population of over 13,000 and less than 21,000 shall acquire voting machines for each precinct therein prior to the primary election in 1962; and (c) counties containing a population of 13,000 or less shall acquire voting machines for each precinct therein prior to the primary election in 1963; provided, however, that nothing contained herein shall be con-

strued to prevent a county from acquiring voting machines prior to the general election in November, 1960." Emphasis added.

It is claimed in the action that the mandatory provisions of the statute are in violation of Section 147 of the Constitution of Kentucky.

The issue was heard in the Pulaski Circuit Court where the statute was held unconstitutional because of its mandatory provisions. The parties seeking compliance with the statute have appealed.

The pertinent part of Section 147 of the Constitution of Kentucky reads as follows: "Counties so desiring may use voting machines, * * *." The eminent trial judge construed the foregoing words of the constitution as prohibiting the legislature from enacting its mandate. In this we admit that the trial judge was not without authority. Billiter v. Nelson, Ky., 300 S.W.2d 790.

In the Billiter case this Court placed its construction on the "may" provision of Section 144 of the Constitution of Kentucky, a provision quite similar to the "may" provision of Section 147 involved in this action.

Section 144 provides that counties *may* have commissioners. An Act of the General Assembly *required* certain counties to have commissioners. This Court pointed out that the Constitution intended that all counties have an option and held the mandatory requirements of the Act unconstitutional.

It is now the opinion of a majority of the members of the Court that the holding in the Billiter case is too restrictive. The Court agrees that the wording of Sections 144 and 147 provides options which may be exercised by the counties but it does not agree that the wording in either section precludes a mandatory requirement by the General Assembly.

■ Without legislative action the counties may exercise an option but the constitutional provision does not preclude mandatory action by the legislature.

■ It is the Court's conclusion that KRS 118.450(4) does not violate Section 147 of the Constitution of Kentucky.

Other cases in conflict with this opinion are overruled and the judgment of the trial court is therefore reversed. The trial court is directed to enter a judgment in conformity with this opinion.

PALMORE, Judge (concurring).

The permissive language of Const. § 147 was added by amendment after this court, by a split decision in the case of Jefferson County ex rel. Grauman v. Jefferson County Fiscal Court, 1938, 273 Ky. 674, 117 S.W. 2d 918, had held that the legislature could not authorize the use of voting machines. The stated basis for that opinion was that the framers of the Constitution intended to make the paper ballot mandatory. The argument in this case is that the paper ballot is still mandatory unless and until the individual counties choose otherwise. I believe that the result in Jefferson County ex rel. Grauman v. Jefferson County Fiscal Court was unnecessarily restrictive and not in keeping with the sound principles of constitutional construction which, having been given liberal lip service throughout the first half of the opinion, were then dropped like a burlesque dancer's last fan as the writer skipped lightly off-stage. Be that as it may, however, to say that the great mass of voters knew about that opinion, and in voting on the amendment thereby accepted and affirmed it except as modified by the amendment, is so far removed from the facts of life that its use as an argument is incredible. The fact is that if the people had regarded the paper ballot as fundamental they would never have adopted an amendment permitting voting machines. In both letter and spirit their vote on the amendment nullified Jefferson County ex rel. Grauman v. Jefferson County Fiscal Court.

It is elementary that the legislature, being the direct representative of the people, has the right to enact any legislation not forbidden by the state or federal constitutions. City of Louisville M. H. Com'n v. Public Housing Admin., Ky.1953, 261 S.W.2d 286, and cases collected in West's Kentucky Digest, Constitutional Law, ☜26. It would appear self-evident that the comparable provisions of Const. §§ 147 and 144 under which counties "may" do certain things on their own initiative, without enabling legislation, are not inconsistent with the power of the legislature to require those things to be done.

## MONTGOMERY, Judge (dissenting).

Section 147 of the Constitution was amended in 1941 by adding "Counties so desiring may use voting machines, these machines to be installed at the expense of such counties." Provision for the use of secret official ballots in all elections was retained.

Prior to the 1941 amendment it had been held that voting by a machine violated the secret ballot provision of Section 147 and that the legislative Act attempting to authorize voting by machine was unconstitutional as a violation of such provision. Jefferson County ex rel. Grauman v. Jefferson County Fiscal Court, 273 Ky. 674, 117 S.W.2d 918. A learned discussion of the origin and development of the uses of ballots in voting is contained in that opinion.

The adoption of the amendment to Section 147 by the people in 1941 thus authorized the use of voting machines, where such authority had been lacking theretofore. The amendment provides:

"The * * * General Assembly * * * shall pass all necessary laws to enforce this provision, * * *."

Thus, the authority of the General Assembly stems from the 1941 amendment.

Sovereignty primarily resides in the people. There is reserved to the people of Kentucky, acting through the Legislature, all governmental power not expressly, or by necessary implication, denied them by the Constitution. Jefferson County ex rel. Grauman v. Jefferson County Fiscal Court, 273 Ky. 674, 117 S.W.2d 918; City of Louisville Municipal Housing Commission v. Public Housing Administration, Ky., 261 S.W.2d 286; Chenault v. Carter, Ky., 332 S.W.2d 623. Thus, the action of the people of Kentucky in amending Section 147 must be construed as a grant of authority to the Legislature to permit the use of voting machines in counties so desiring and a direction to the Legislature to pass all necessary laws to carry out such amendment. This constitutes a constitutional limitation or restriction against mandatory legislation requiring all counties to use voting machines. When the people speak through the voice of constitutional amendment on a given subject, the implication is that any other action by the Legislature is prohibited. Otherwise, there would be no need for constitutional amendment. Unless such construction is recognized, the Legislature may pass any kind of legislation not expressly prohibited by the Constitution. This could never have been the intent of the framers of our Constitution who made the constitutional revision and amendment processes so difficult of attainment.

The conclusion to be reached then is that KRS 118.450(4), making it mandatory for all counties to acquire voting machines, is unconstitutional. The legislative amendment exceeds the permissive authority of Section 147 as amended.

Appellants argue that "may" should be considered as "must." The same contention was made in Scott v. McCreary, 148 Ky. 791, 147 S.W. 903. In rejecting such argument, Hobson, C. J., said:

"The words of a state Constitution are usually selected with great care; and so solemn an instrument should be read as written, unless upon the clearest evidence that the makers of the instrument intended otherwise."

Clearly, the drafters of the 1941 amendment in making the use of voting machines permissive realized that such was necessary in order to secure the adoption of the amendment by the people. A mandatory provision would undoubtedly have been defeated then. Thus, the intent of those drawing the amendment was for permissive use.

A reading of the pertinent constitutional section discloses that certain things were made mandatory and other things were made permissive. The word "shall" is used seven times and the word "may" is used four times. Such use of these two words clearly indicates that their meanings were understood and that by such use different meanings were intended. I am sure that when "may" was used in Section 147 it was intended to be permissive, which is contrary to the decision in the majority opinion.

Such construction of Section 147 is consonant with good constitutional construction that ordinary, everyday words shall receive their usual meaning. As was said in the Jefferson County case, "Neither legislatures nor courts have the right to add to or take from the simple words and meaning of the constitution."

This Court construed the word "may" as permissive when used in Section 144 of the Constitution. In Billiter v. Nelson, Ky., 300 S.W.2d 790, a statute making it mandatory that certain counties have the commission form of government was held invalid because the constitutional section used the words "may have," which were held to be permissive instead of mandatory. The Billiter case and this case are identical in principle. The phrase in Section 147 "so desiring may" more strongly indicates that the use of voting machines was to be a matter of local option in the discretion of the fiscal court.

For these reasons I respectfully dissent. I cannot understand how the majority of this Court can vote for the majority opinion without overruling the Billiter case. It cannot be distinguished. Further, the majority opinion by its construction of the word "may" violates the basic rule of constitutional construction. I am fully aware of the problem concerning voting machines and the desirability of their use, but this does not justify abusing the plain meaning of simple words and violating the Constitution.